10360

STATE v. BLACKSTONE.

(101 S. E. 845.)

1. INDICTMENT AND INFORMATION—ACCUSED'S REAL NAME MAY BE SUBSTITUTED WITHOUT RESUBMITTING TO GRAND JURY.—Accused's real name may be substituted in an indictment charging violation of the prohibition law, without resubmitting the indictment to the grand jury, in view of Cr. Code 1912, section 85, allowing amendments not changing the nature of the offense.

2. CRIMINAL LAW—INSTRUCTIONS REGARDING POLICY OF LEGISLATURE NOT ERRONEOUS.—In a prosecution for violating the prohibition law, an instruction that the legislature had declared the manufacture and sale of intoxicating liquors to be against the health and safety of the State, etc., was not erroneous.

3. CRIMINAL LAW—INSTRUCTION CHARGING JURY TO DO DUTY NOT ERRONEOUS.—In prosecution for violating the prohibition law, an instruction that the question was what constituted the jury's duty under the testimony and the law, etc., was not erroneous, as urging jury to do its duty, and thus impressing on them that a verdict of guilty should be found.

4. CRIMINAL LAW—LIMITATION OF ARGUMENT DISCRETIONARY WITH COURT.—Civ. Code 1912, section 3921, providing that attorneys shall not occupy more than two hours in argument, unless special permission be first obtained, leaves the Court discretionary power to fix a shorter time limit in criminal cases.

5. CRIMINAL LAW — LIMITING ARGUMENT TO TWENTY MINUTES NOT ERRONEOUS.—In a prosecution for violating the prohibition law, limiting the argument of counsel to 20 minutes, was not erroneous.

Before PEURIFOY, J., Hampton, Summer term, 1917. Affirmed.

A. S. Blackstone was convicted of violating the prohibition law, and appeals.

Mr. B. R. Hiers, for appellant, submits: *It was error to refuse the motion to quash the indictment on the ground of misnomer:* Constitution 1895, art. I, sec. 17. *The defect in the indictment was fatal and beyond the reach of amendment:* Constitution of 1895, art. I, sec. 17; 20 S. E. 800; 85 S. C. 284. *It was error to charge the jury that "The people of this State, by our legislature, who represent us, have declared that the manufacture and production and sale of alcoholic liquors is against the morals and safety of the State, and they have passed laws attempting to regulate the traffic and to prohibit the violation of her laws on the subject"—there being no such law:* Constitution of 1895, art. V, sec. 26; Acts of 1917, p. 69. *It is the exclusive province of the jury to weigh the testimony and determine its force and effect:* 35 S. E. 213; 109 S. C. 276; 85 S. E. 283. *It was error to decline the request of defendant's attorney for one hour in which to argue the case to the jury, and limiting him to twenty minutes:* Con. 1895, art. I, sec. 18; Civil Code 1912, vol. I, sec. 3921; Circuit Court rule XXXI.

*Messrs. George Warren, Solicitor,* and *Randolph Murdaugh,* for State, respondent.

January 26, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

The case states the facts:

"The above case was called for trial and tried at the June, 1917, term of the Court of General Sessions for Hampton county before a jury, under indictment charging violation of the prohibition law. On the call of the case for trial, defendant's attorney moved to quash the indictment on the ground of misnomer, the indictment charging as defendant in the several counts, J. F. Blalock, *alias* Blackstone, the said A. S. Blackstone submitting affidavit that he was not commonly known or called by that name. After argument of counsel, this motion was overruled. The solicitor then amended the indictment by erasing the words 'J. F. Blalock, *alias* Blackstone,' and inserted therein the words 'A. S. Blackstone,' in each of the several counts, but did not resubmit the indictment to the grand jury. Defendant's attorney then moved to quash the indictment, because the name charged originally in the indictment, as found by the grand jury, to wit, J. F. Blalock, *alias* Blackstone, had been changed to A. S. Blackstone without consent of the defendant and without being rereferred to the grand jury, and that the second count in the indictment as to the sale of intoxicating liquors failed to charge the specific person to whom a sale was made, and some other grounds. After hearing the motion, the presiding Judge made an order: 'That the motion be, and the same is hereby, overruled, except as to the second count of the indictment charging sale; the motion is sustained as to the second count.' The allegations of the indictment are quoted substantially in the charge herein."

A jury was impaneled and the testimony submitted. At the conclusion of the testimony, defendant's attorney asked that he be allowed one hour in which to present the case for

the defendant. The Court declined the request, and fixed the time at 20 minutes for each side. Defendant's attorney asked that his objection be noted, which was done by the stenographer, after argument by Mr. Murdaugh on the part of the State, by Mr. Hiers on the part of the defendant, and by the solicitor on the part of the State.

1. The first two exceptions complain of error in allowing the indictment to be amended by a substitution of the true name for that written in the indictment. These exceptions cannot be sustained. Section 85 of the Criminal Code of 1912, allows the amendment as it "does not change the nature of the offense."

2. The third exception complains of error, in that his Honor charged the jury: "That the legislature has declared that the manufacture and production and sale of alcoholic liquors is against the morals and health and safety of the State, and they have passed laws attempting to regulate the traffic and to prohibit the violation of laws on the subject."

This statement is true, whether those words are in this particular act or not. This exception is overruled.

3. The fourth exception complains of error, in that the presiding Judge urged the jury to do their duty, and this charge tends to impress on the jury that in this case a verdict of guilty should be found. His Honor said: "It is not a question of one side or the other, but it is a question of what your duty is under the testimony and under the law."

The charge was true, apt, and impartial. This exception is overruled.

4. The fifth exception complains of error in limiting the arguments to 20 minutes. Section 3921, vol. I, Code of 1912, reads: "No attorney, solicitor, or counselor shall be allowed to occupy more than two hours of the time of the Court in the argument of any cause, unless he shall first obtain the special permission of the Court to do so."

There is no minimum fixed by statute. This is wisely left to the discretion of the trial Court, and it seems to have been wisely exercised. This exception is overruled.

The judgment is affirmed.