### WILLCOX, IVES & CO. v. JEFFCOAT

#### (133 S. E., 463)

1. AGRICULTURE—EXCLUSION OF ADJACENT LANDOWNER'S TESTIMONY AS TO RESULTS OBTAINED FROM DIFFERENT FERTILIZER NOT CONTAINING INJURIOUS MATTER IN FERTILIZER PURCHASED HELD ERRONEOUS.— Where in action on notes for fertilizer defendant counterclaimed for damages on account of deleterious matter in fertilizer which he claimed damaged crop, refusal to permit testimony of adjoining landowner, who had used a different fertilizer not containing such matter, as to difference in result, *held* erroneous, where all other conditions were similar.

2. APPEAL AND ERROR—REFUSAL TO STRIKE OUT LETTER, ADMITTED TO HAVE BEEN RECEIVED BY DEFENDANT ON CROSS-EXAMINATION BUT NOT OFFERED IN EVIDENCE, IF ERROR, WAS HARMLESS.—Where letter admitted to have been received by defendant, on cross-examination was not offered in evidence, refusal to strike it out later in course of trial, if error, was harmless, since letter was not in evidence and could not be referred to in argument.

3. EVIDENCE—MODIFICATION OF REQUESTED CHARGE THAT FAILURE OR REFUSAL TO PRODUCE EVIDENCE PECULIARLY WITHIN KNOWLEDGE OR CONTROL WARRANTS INFERENCE THAT IT WOULD BE UNFAVORABLE

TO SUCH PARTY'S CONTENTION HELD ERRONEOUS.—Modification of requested charge that failure or refusal of party to produce evidence peculiarly within his knowledge and control, which would have important bearing on facts in dispute, warranted inference that it would be unfavorable to his contention, so as to leave it to jury to say whether inference was warranted, *held* erroneous.

Before MOORE, J., Lexington, March, 1922.    Reversed.

Action by C. H. Willcox and others, partners as Willcox, Ives & Company against U. B. Jeffcoat.    Judgment for plaintiffs and defendant appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Testimony as to crops made on adjacent land admissible:* 72 S. C., 556; 104 S. C., 129.    *Liability under guaranty:* 123 S. C., 498; 117 S. C., 140.    *Where jury disregards charge verdict should be set aside:* 156 U. S., 51; 42 S. C., 402; 25 S. C., 216.    *Error not to charge on presumption from failure of defendants to put in evidence:* 14 Rich. L., 237; 86 S. C., 300; 76 S. C., 388; 75 S. C., 334; 100 S. C., 284; 121 S. C., 94; 2 Enc. Ev., 781; 95 Ill., 25; 71 Ill. App., 551; 62 Ga., 407.

*Messrs. Efird & Carroll* and *Timmerman & Graham,* for respondents, cite: *Latitude allowed in cross-examination:* 56 S. C., 360.

June 1, 1926.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

An opinion was written in this case by Mr. Justice Fraser, who died before the case was finally passed upon, and the case was reargued.    The following is the opinion as written by Mr. Justice Fraser, and which we adopt.

"This is an action on two notes given for fertilizer. The defendant pleaded payment of one note and failure of consideration on the other, and counterclaim for damages on account of deleterious matter, to wit, trona potash, which

actively damaged the crop. The verdict was for the plaintiff on one note, and the defendant appealed.

"The first assignment of error is the exclusion of evidence.

"The defendant's witness was on the stand, and stated that he farmed adjacent land; that the kind of land was the same, the seasons were the same and the work was the same. The only difference was that he used fertilizer that had no potash in it, and the defendant used fertilizer with this trona potash. His Honor, the trial Judge, excluded the evidence on the ground that the conditions were not the same in that the fertilizer was not the same. That was the point in the case. The results were different, and the only difference was the potash. The defendant was trying to show that there were two differences, the potash and the result, and they were asking the Court to find from that fact that the injury to the crop was due to the presence of the potash. This was error.

"The next assignment of error is in the admission of evidence.

"When the defendant was on the stand, the plaintiff's counsel read a letter to the defendant, and he was asked, on cross-examination, if he had recieved such a letter, and he replied that he had received it. The letter was not offered in evidence. Later, in the course of the trial, the defendant asked that it be stricken out. His Honor said it was too late, inasmuch as no objection has been made at the time. This was harmless, if error. The letter was not in evidence and could not be referred to in argument, and the jury had already heard it.

"The other exceptions refer to a refusal to grant a new trial. A new trial must be ordered anyway, and these exceptions raise questions that are academic."

It will be noted that the eighth exception was not specifically passed upon. That exception is as follows:

"Because his Honor erred in refusing to charge the fol-

lowing proposition of law, submitted by the defendant, to wit: 'The failure or refusal of a party to produce evidence peculiarly within his knowledge and control, which would have an important bearing upon the facts in dispute, warrants the inference that it would be unfavorable to his contention.' "

This was modified.

The basis of the exception is that his Honor modified this request, by leaving it to the jury to say whether or not such failure warrants the inference that it would be unfavorable to his contention.

This Court, by Mr. Justice Cothran, in *Smith v. Southern Railway Company,* 121 S. C., 94, said, in reference to the failure of the plaintiff to produce information in order to make his claim more definite:

"All of this information was necessarily in the power of the plaintiff to furnish. The presumption is, that having it and not producing it, the information was to his detriment."

It would appear that unless the principle so declared be overruled we are bound by that decision, and the plaintiff was entitled to have the charge as requested.

The exceptions referred to by Justice Fraser and the eighth exception should be sustained, the judgment reversed, and a new trial granted.

Reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MESSRS. JUSTICES MARION and COTHRAN dissent.

MR. JUSTICE MARION: I am unable to agree that the exclusion of the testimony of the defendant's witness, who farmed adjacent land, as to the crop raised by him on "practically the same kind of land," with the same seasons, and "cultivated in the same way," but fertilized with "fertilizer without potash," should be held for reversible error. The material issue made by the evidence was whether the fertilizer used by plaintiff contained borax, which was deleterious to plant life. The defendant's theory of the

facts was that the borax found in plaintiff's fertilizer was the poisonous form of borax which was an element contained in trona potash—a potash coming "from certain deposits in this country." But the use of the best and purest quality of potash might have been harmful and deleterious to plaintiff's crop under the conditions through which this particular crop had to pass. If the adjacent farmer had also used potash of about the same relative quantity, but of a different brand or quality, then with other conditions substantially the same, it might have been contended with more force that the better results obtained by the neighboring farmer were attributable to the alleged inferior quality or harmful ingredients of the brand of potash used by plaintiff. Further, nothing as to the character and contents of the fertilizer used by the plaintiff's neighbor appears other than that it was "without potash." The neighbor's better crop may have been largely due to quantitative or qualitative elements of the fertilizer used by him which differed substantially in other respects from the plaintiff's fertilizer. The relevancy of this class of testimony, as this Court has frequently held, should be largely left to the determination of the trial Judge in the exercise of a sound discretion. I think the trial Judge's ruling here was soundly grounded and should be sustained. See *Moore v. A. C. L. R. Co. et al.,* 133 S. E.,—— (filed ——, 1926).

As to the eighth exception, directed to the contention that the Circuit Judge committed error in modifying the defendant's seventh request to charge, I am unable to agree that the modification complained of should be declared reversible error. The instruction as requested was as follows:

"The failure or refusal of a party to produce evidence peculiarly within his knowledge and control, which would have an important bearing upon the facts in dispute, warrants the inference that it would be unfavorable to his contention."

The instruction as given was as follows:

"The failure or refusal of a party to produce evidence

peculiarly within his knowledge and control, and which would have an important bearing upon the facts in dispute, may be considered by the jury; and it is for the jury to say whether or not such failure warrants the inference that it would be unfavorable to his contention."

The Judge's charge was substantially in accord, with the rule approved by the weight of authority. That rule is thus stated, and numerous decisions cited to support it, by the writer of the note found at page 934, Ann. Cas., 1914-A:

"Where the nonproduction of evidence in a jury case occurs under such circumstances that the Judge, if trying the case without a jury, would deem himself justified in drawing an adverse inference from the failure to produce the evidence, the practice is not to charge the jury that there is a presumption against the party, but to instruct that the jury are at liberty to draw an unfavorable inference against the party if they think it warranted under all the circumstances."

The practice thus approved is the only practice which I think could soundly be adopted in this State under the provisions of Section 26, Article 5, of our Constitution. From the nonproduction of evidence which may be peculiarly within the knowledge of one party the triors of fact are at liberty to draw an unfavorable inference against such party, but they are not bound to draw it. In so modifying the defendant's request as to make it clear that it was "for the jury to say whether such failure of a party to produce evidence warrants the inference that it would be unfavorable to his contention," I do not think the Circuit Judge committed error.

An examination of the other exceptions not discussed in the leading opinion discloses no reversible error. The law was fully, clearly, and correctly charged by Judge Moore, and the defendant lost the case, as I see it, upon the clear-cut issue of fact, decided by a jury of his county, as to whether the fertilizer which he bought and did not pay for contained or did not contain "borax and other poisonous

ingredients," which so injured his crop as to entitle him to the relief claimed.

For the reasons indicated the judgment should be affirmed.

MR. JUSTICE COTHRAN (concurring): While the principle announced in the opinion written by me in the *Smith Case* has the support of much authority, see American Dig. Evidence, Key No. 78. I think that the rule announced by Justice Marion is more consonant with the spirit of our Constitution, and that the *Smith Case* should be modified accordingly.