12134

STATE v. CASH *ET AL.*

(136 S. E. 222)

1. CRIMINAL LAW—LIMITING COUNSEL FOR DEFENDANTS, IN MURDER CASE, TO ONE HOUR'S ARGUMENT HELD REVERSIBLE ERROR.—Limiting counsel for defendants in murder prosecution, to one hour for presentation of case to the jury *held* reversible error, where some 25 witnesses had testified during the trial.

2. CRIMINAL LAW—JURORS MAY NOT IMPEACH VERDICT BY AFFIDAVIT THAT THEY DID NOT UNDERSTAND OR WERE MISLED BY CHARGE.—Integrity of jurors' verdict may not be impeached by affidavit of jurors stating that they did not understand or were misled by charge of Court, since, in such case, they should have asked for further instructions and explanantions.

Before HENRY, J., Chesterfield, September, 1925. Reversed and a new trial granted.

John Cash and others were convicted of manslaughter and they appeal.

*Mr. Thos. F. McDow,* for appellant, cites: *Right of defendant or his counsel to be fully heard:* Const. 1895, Art. 1, Sec. 18. 16 C. J., 888. *Party on his premises not bound to retreat before assailant:* 120 S. E., 243; 113 S. C., 256.

*Mr. George K. Laney,* also for appellant.

*Messrs. M. J. Hough, Solicitor, Williams & Stuart* and *C. L. Hunley,* for respondent.

January 5, 1927.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE PURDY.

The defendants were charged with murder, and the jury found a verdict of manslaughter. A motion for a new trial was made and refused, and the defendants appealed.

The defendants, John Cash and Frank Cash, his son, arrived at the home of Marion Cash, on the afternoon of the tragedy. While they were there, Frank Nicholson,

the deceased, came upon the premises, and, it is alleged, on account of his boisterous conduct, was told to leave. He left and went out on the public highway, which was near by, and, it appears from the testimony, indulged in profane and abusive language, after going on the highway. The defendants, all three of them, followed him out on the highway and there one or more of them shot him, and it is claimed by the State that all of the defendants are guilty, for the reason that the testimony shows that they were all guilty of a felonious purpose to take the life of the deceased.

The counsel were limited to one hour for argument on either side, over the protests of the defendants' counsel, who claimed that they could not sum up the cause and properly present the case of the defendants to the jury in that time, as there were some 25 witnesses who testified.

This is made the basis of exceptions, the alleged error being, "in that it did not give the defendants the right 'to be fully heard in his defense by himself, by his counsel, or by both.'" and, again, that the denial of the right to make a more extended argument "was contrary to law and precedent in South Carolina and deprived them of the legal right to be fully heard in their defense by the counsel."

We are of the opinion that, in this case, full time should have been allowed counsel for the defense to present the case to the jury, and there was error in limiting the time to one hour for this purpose.

The other exceptions need not be considered, save to say that, in so far as they allege error in not granting a new trial, based upon the affidavits of jurors, there was no error. The integrity of the verdicts of jurors should not be impeached by affidavits of this kind. It is claimed that there was error in his Honor's charge, and the jurors state in their affidavit that they did

not understand it or were misled by it. If such were the case, they could have asked for further instructions and explanations. And, save, further, that his Honor did not err in refusing to grant a new trial as to John Cash, on the grounds stated in the record.

The judgment is reversed, and a new trial is granted as to all of the defendants.

·MESSRS. JUSTICES WATTS, COTHRAN, BLEASE, and STABLER concur.