15499

STATE v. BALLENGER

(24 S. E. (2d), 175)

January, 1942.

156

*Mr. J. G. Leatherwood* and *Mr. W. E. Bowen,* both of Greenville, Counsel for Appellant,

*Mr. Robert T. Ashmore,* Solicitor, of Greenville, appeared for the State.

February 3, 1943.

The opinion of the Court was delivered by MR. ASSO-CIATE JUSTICE BAKER:

The "Statement of the Case" is in part as follows:

"Appellant was indicted by the Grand Jury of Greenville County at the May term, 1941 of the Court of General Sessions for Greenville County, for the murder of one J. C. Skelton. The case was tried at the January, 1942 term of the Court of General Sessions for Greenville County before Honorable T. S. Sease, Presiding Judge, and a jury.

"In addition to his general plea of not guilty, the defendant interposed the plea of self-defense.

"During the trial of the case, twenty-two (22) witnesses for the State and defense were sworn and testified giving much conflicting testimony.

"At the conclusion of the testimony, the Trial Judge in-

quired as to how many arguments there would be for the defense. Upon being informed by defense counsel that the defense would have two arguments, the Court immediately and promptly announced: 'I will allow you one hour to the side for argument and no more; go to the jury, Mr. Clerk, keep time on them.'

"Counsel for defendant then proceeded to argument and consumed the full time allotted by the Court, and was notified by the Clerk of the Court that their time had expired.

"On said indictment, defendant was found guilty of manslaughter and sentenced by his Honor, the Presiding Judge, to a term of twelve (12) years at hard labor in the State Penitentiary or for a like period on the Public Works of Greenville County."

The exceptions raise but one question: Was it error for the presiding Judge to limit appellant's counsel to one hour for argument to the jury?

Article I, Section 18, of the Constitution of 1895 is as follows: "In all criminal prosecutions the accused shall enjoy the right  *   *   *  to be fully heard in his defense by himself or by his counsel or by both."

The Constitution of 1868 contained a like provision, Art. 1, § 13; and in 1868 the Legislature passed an Act which now appears as Section 325, Code of 1942 (same section, Code of 1932), reading as follows: "No attorney, solicitor or counsellor shall be allowed to occupy more than two hours of the time of the court in the argument of any cause, unless he shall first obtain the special permission of the court to do so."

Unless the Legislature, by the enactment of this statute, intended to give a party accused of crime two hours, as a matter of right, in which to argue his defense before a jury, the Statute is meaningless because the Constitution had given the accused the right to be fully heard in his defense; and the Constitution evidently meant in argument before the jury since it provided for the ac-

cused to be heard "by himself or by his counsel or by both". This statute was, it appears to us, passed to prevent counsel from abusing the privilege of the broad provision of the Constitution permitting an accused "to be fully heard in his defense by himself or by his counsel or by both", by limiting such full hearing to two hours except upon permission of the Court. The only reasonable inference from the language of the statute is that an accused or his counsel has two hours of time in which to argue his case as a matter of right, and additional time as a matter of grace.

Mr. Justice McIver (afterward Chief Justice) recognized such intendment by the Legislature in writing the opinion of the Court in the case of *State v. Jones, 29* S. C., 201, 7 S. E., 296, wherein he stated at page 232 of the South Carolina Reports, at page 312 of 7 S. E.: "The next error assigned is in limiting the time of argument to two hours for each counsel. In view of the statute upon this subject (Gen. Stat., § 2166), which expressly limits the time for argument to two hours for each counsel, 'unless he shall first obtain the special permission of the court to occupy a longer time', we see no possible foundation for this assignment of error; for the record shows that, before the commencement of the argument, counsel were distinctly informed that they would be required to keep within the limit allowed."

However, in the case of *State v. Blackstone,* 113 S. C., 528, 101 S. E., 845, 846, where the accused was on trial for a misdemeanor( violation of the prohibition law), and had been limited to twenty minutes for argument, Mr. Justice Fraser writing the opinion of the Court, after quoting the statute under discussion, stated: "There is no minimum fixed by statute. This is wisely left to the discretion of the trial court, and it seems to have been wisely exercised. This exception is overruled."

The next case involving the section of the Constitution and statute under discussion was *State v. Cash,* 138 S. C.,

167, 136 S. E., 222, and is very similar to the instant case. That was a murder case and the defendant in that case, just as in this case, was convicted of manslaughter. "Some 25 witnesses" testified in that case—22 witnesses in this case. We quote from the opinion in the *Cash case:*

"The counsel were limited to one hour for argument on either side, over the protests of the defendants' counsel who claimed that they could not sum up the cause and properly present the case of the defendants to the jury in that time, as there were some 25 witnesses who testified.

"This is made the basis of exceptions, the alleged error being, 'in that it did not give the defendants the right "to be fully heard in his defense by himself, by his counsel, or by both," ' and, again, that the denial of the right to make a more extended argument 'was contrary to law and precedent in South Carolina and deprived them of the legal right to be fully heard in their defense by the counsel.'

"We are of the opinion that, in this case, full time should have been allowed counsel for the defense to present the case to the jury, and there was error in limiting the time to one hour for this purpose."

When Judge Sease announced that he would allow but "one hour to the side for argument and no more," there was no protest from appellant's attorneys. However, here was a positive ruling and, we mean *positive,* coming from Judge Sease. *Apropos* to the rulings of this outstanding jurist, the writer is reminded of the age-old story of the old gentleman who had several cat holes cut in the door to his home, and upon inquiry as to why he had so many cat holes, replied that when he said "scat", he meant "scat."

Under the facts of this case we may with propriety treat the Statute (Section 325 of the Code) as non-existent. The Constitution of the State guaranteed the appellant the right "to be fully heard  *  *  *  by himself or by his counsel or by both." He was charged with the grave crime of murder. Twenty-two witnesses had given

testimony in the case. His attorneys were given but one hour in which to discuss this testimony with the jury—slightly less than three minutes to the witness. We are therefore constrained to hold that it was error to limit the argument to such a short space of time.

Reversed, and remanded for a new trial.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE G. DEWEY OXNER, ACTING ASSOCIATE JUSTICE, concur.