19728

Emma Jean BAKER, Administratrix of the Estate of Rufus Leroy
Baker, Appellant, v. PORT CITY STEEL ERECTORS, INC.,
and John Henry Small, Respondents.

(200 S. E. (2d) 681)

*Messrs. Nexen, Pruet, Jacobs & Dallis,* of Columbia, *for Appellant,* cite:

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, *for Respondents,* cite:

472

*Messrs. Nexsen, Pruet, Jacobs & Pollard,* of Columbia, *for Appellant, in Reply.*

November 27, 1973.

LEWIS, Justice:

Recovery was sought in this action for the wrongful death of plaintiff's intestate, resulting from injuries received in a three-vehicle accident, about six (6) miles south of Huger, South Carolina, on November 10, 1970. The collision involved a truck owned by defendant, Port City Steel Erectors, Inc., and driven by its employee, the defendant, John

Henry Small; a gasoline tanker driven by plaintiff's intestate, Rufus Baker; and an automobile driven by one Sidney Jackson. Jackson is not a party to the action. Upon the trial, a jury returned a verdict for the defendants, from which plaintiff has appealed. A new trial is sought upon the grounds that the trial judge erred (1) in permitting use of a scientific textbook in the cross-examination of plaintiff's expert witness and (2) in refusing to instruct the jury that an adverse inference could be drawn against defendants from their failure to produce the testimony of the defendant John Henry Small. Additional sustaining grounds have been filed, which we find it unnecessary to consider.

The first question is based on a ruling by the trial judge during cross-examination of an accident reconstruction expert who testified for plaintiff. This witness testified as to the various factors considered by him in analyzing how the accident occurred, and on cross examination, he was asked the following:

"Q. In your analysis of how this accident occurred did you take into consideration conservation of momentum?

"A. Not particularly.

"Q. . . . In fact you used the conservation of energy, didn't you?

. . .

"A. That's right, basically its strictly an energy factor.

"Q. All right, sir. I hand you Statistics in Dynamics, a book for mechanical engineers. I ask you to look at . . . page 574 of this textbook in basic dynamics, read the underlined portion of paragraph 13.15.

"A. (Presumably reading) However, the method of impulse and momentum is the only practical method in problems of impact, a solution based on direct application of force and they would be unwieldly and the method of work and energy cannot be used since impact from the first real action involves the loss of mechanical energy.

"Q. The use of energy cannot be used in an impact investigation, isn't that what it says?

"A. Yes, sir.

"Q. But that's what you used, energy?

"A. That's correct. There are other books and there are other formulas and there are other treatises that deal equally as thoroughly as that book. I'm not familiar with that book."

The above cross-examination of the witness was permitted over plaintiff's objection. Other than the foregoing, there was no use by defendants of the textbook in cross examination or in the trial.

Plaintiff contends that it was error to permit defendants to so cross-examine the expert witness from a scientific textbook with which the expert was unfamiliar, relying upon Code Section 26-142 and the cases of *Mitchell v. Leech,* 69 S. C. 413, 48 S. E. 290; *Edwards v. Union Buffalo Mills Co.,* 162 S. C. 17, 159 S. E. 818; and *Baker v. Southern Cotton Oil Co.,* 161 S. C. 479, 159 S. E. 822. In substance, these decisions hold that it is a violation of the hearsay rule to use scientific treatises in the cross-examination of an expert witness, where the effect is to permit the jury to consider the treatise as direct proof of an issue in the case. These cases are not dispositive of the present issue.

The record clearly shows that the scientific textbook was used in cross-examination of the expert solely for purposes of testing the reliability of one of the factors used by him in analyzing the accident and not as direct proof of any issue in the case. When the witness stated that he was not familiar with the text in question and that there were reliable books dealing with other formulas, besides the one being used in cross-examination, the matter was not pursued further by counsel. The text reference could not have been considered as evidence in the case. Under these facts, the limited use of the textbook solely for impeachment of the expert witness was not error.

After the testimony for plaintiff had been completed, defendants rested their case without introducing any evidence and moved for a directed verdict in their favor, which was denied. The defendant John Henry Small, the driver of the corporate defendant's truck, was seated in the courtroom throughout the trial, and presumably could have given material testimony if he had been called as a witness. During argument to the jury, counsel for plaintiff argued that the jury had a right to draw an adverse inference from the failure of the defendant Small to testify. When the trial judge completed his charge to the jury and gave the parties the opportunity to request additional charges, plaintiff requested an instruction "that failure to produce a material witness raises a presumption that testimony of that witness would be adverse to the party failing to produce him." The request was refused and plaintiff contends that this was error.

We have recognized the general rule in civil cases that when a party "fails to produce the testimony of an available, material witness who is within some degree of control of the party, it may be inferred that the testimony of such witness, if presented, would be adverse to the party who failed to call the witness." *State v. Batson,* S. C., 198 S. E. (2d) 517.

The question here is not whether, in weighing the evidence, an adverse inference may be drawn by the jury from the failure of a party to testify or call a material witness, but rather it is one of whether the court should have instructed the jury thereabout as requested by plaintiff.

The trial judge properly refused the requested charge because (1) it failed to fully and properly explain the nature and effect of the presumption which might be indulged and (2) it was reasonably susceptible of the interpretation that the jury was bound to draw the unfavorable inference.

The unfavorable inference arising from the failure of a party to call an available material witness may be drawn *only* where under all the circumstances of

the case, the failure to produce such witness creates suspicion of a wilful attempt to withhold competent evidence. *Davis v. Sparks,* 235 S. C. 326, 111 S. E. (2d) 545; *State v. Batson, supra.*

When the presumption is drawn, it cannot be treated as independent evidence of a fact otherwise unproved, *Collins v. Merrimack Mutual Fire Ins. Co.,* 210 S. C. 207, 42 S. E. (2d) 67; but can only be considered in determining the credibility or probative force of the evidence presented. 29 Am. Jur. (2d), Evidence, Sections 187 and 188. As stated in Section 187 of the text, "the inference has the effect only of authorizing the jury to give greater weight to the evidence of the adverse party, or to give less weight to the evidence of the party who had failed to call the witness, than it might otherwise have done."

Under the requested instruction, without further explanation, the jury would be left to grope for the proper application of the presumption and might reasonably conclude that it could be given the force of independent evidence.

The fact that the unfavorable inference may be drawn does not require that the jury draw it. It is a matter for the jury to say whether the failure to produce the witness or evidence warrants the inference that it would be unfavorable. The instruction, in effect, told the jury that they were bound to draw the inference, which was error.

We recognize that this decision impinges upon the holding in *Wilcox, Ives & Co. v. Jeffcoat,* 135 S. C. 149, 133 S. E. 463, where a charge, similar to the one requested here, was approved by a divided court. We think that the prior holding is unsound and, to the extent that it conflicts with our decision here, it is overruled.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.

LITTLEJOHN, Justice (concurring):

I concur in the opinion of Mr. Justice Lewis. At the same time, I have many misgivings as to the wisdom of continuing the rule that when a party fails to produce the testimony of an available witness who is within some degree of control of the party, it may be inferred that the testimony of such witness, if presented, would be adverse to the party who failed to call the witness.

After almost 25 years on the trial and appellate bench, I have found that the rule is subject to much mischief and perhaps causes more problems than it helps to solve. Application of the rule suggests to a juror that he may speculate as to what an available, but non-testifying witness would say.

It would appear that failure of a witness to testify is a matter which an attorney should argue to the jury.

The rule came into being through the common law. In my opinion, this Court should consider upon proper petition the advisability of eliminating it as a matter of common law.