22380

The STATE, Respondent, v. Ronald EL, Appellant.

(335 S. E. (2d) 544)

Supreme Court

*James E. Whittle, Jr.* of *Johnson, Johnson, Maxwell, Whittle & Snelgrove,* Aiken, and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. Robert J. Harte,* Aiken, *for respondent.*

Submitted Aug. 1, 1985.

Decided Oct. 3, 1985.

*Per Curiam:*

Appellant was convicted of forgery and sentenced. We affirm.

Appellant argues that the trial judge erroneously limited his closing argument to twenty minutes when he requested thirty minutes. He asserts that under S. C. Code Ann. § 40-5-330 (1976) and Article I, § 14, of the South Carolina Constitution he was entitled to argue for two hours as a matter of right. Therefore, he contends that the judge had no authority to refuse his request for thirty minutes. We disagree.

Section 40-5-330 limits oral argument to a maximum of two hours unless the trial judge authorizes additional time. This statute does not give a criminal defendant the absolute right to argue for two hours, and the trial judge has the discretion to limit oral argument to some lesser period of time. *State v. Blackstone,* 113 S. C. 528, 101 S. E. 845 (1920).

The present case was relatively straightforward and uncomplicated. The entire transcript of the proceedings before the lower court does not exceed seventy-five pages.

In our opinion, the judge did not abuse his discretion in limiting argument to twenty minutes. This period was more than adequate to satisfy the requirement that the appellant be fully heard in his defense under Article I, § 14, of the Constitution.

We note that dicta in *State v. Ballenger,* 202 S. C. 155, 24 S. E. (2d) 175 (1943), states that a criminal defendant may argue for two hours as a matter of right. To the extent that decision is inconsistent with this opinion, it is overruled.

Appellant's remaining exceptions are without merit, and are affirmed under Supreme Court Rule 23.

Affirmed.