22593

Ethel Archie FAILE, Respondent v. Dr. Blair M. BYCURA, Appellant.
346 S. E. (2d) 528

Supreme Court

*John L. Choate* and *Charles R. Norris* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*S. Jackson Kimball* and *John Martin Foster, Jr.* of *McDowell & Foster,* Rock Hill, *for respondent.*

Heard May 20, 1986.

Decided July 21, 1986.

NESS, Chief Justice:

This is an appeal in a medical malpractice action in which the jury awarded respondent Faile $75,000 actual damages. We reverse.

In 1977, Faile sought treatment from Dr. Jackson, an orthopaedist, for pain in her right heel. She had previously been treated for pain in her left heel. Dr. Jackson treated Faile with cortisone injections in the heel until 1983, when he referred her to appellant Bycura, a podiatrist. Bycura diagnosed Faile's condition as spurs of the heels in both feet. He performed a surgical procedure called a tenotomy on

both of Faile's feet. A tenotomy requires incisions on the top of the feet near the toes, and cutting the tendons in the toes to relieve pressure on the heel. A few weeks later, Bycura performed capsulotomies on both of Faile's feet. This procedure is similar to a tenotomy, but involves incisions on the bottom of the feet near the toes. After an uneventful recovery period, Faile was discharged.

Faile initiated this action against Bycura, alleging negligence in his choice of treatment. She alleged that tenotomies and capsulotomies were inappropriate procedures for relief of heel pain. She further alleged the surgeries had increased her heel pain and resulted in stiffness of the toes. There was no allegation the surgeries were performed in a negligent manner. In his answer, Bycura asserted the procedures were appropriate to relieve heel pain, and raised the defense of assumption of the risk.

At trial, upon motion by Faile, the trial judge struck assumption of the risk from the answer. Bycura asserts this was error. We agree.

Prior to both surgeries, Faile signed a consent form in which she acknowledged that the surgery would probably result in stiff toes. She further acknowledged that the surgery may not work and the heel spurs may have to be surgically removed at a later date. These consent forms were written out in Faile's own handwriting, and Faile testified one of Bycura's employees had discussed the risks with her. Faile also signed a form in which she acknowledged there were various methods for treating heel pain, but she was electing these treatments.

In order for the doctrine of assumption of the risk to apply, the injured party must have freely and voluntarily exposed himself to a known danger which he understood and appreciated. *Easler v. Hejaz Temple*, 285 S. C. 348, 329 S. E. (2d) 753 (1985). When a patient seeks treatment by a particular type of practitioner, he may be held to have assumed the risk of the method of treatment of the particular school of thought chosen. 61 Am. Jur. (2d), *Physicians & Surgeons*, Section 304.

In light of Faile's testimony that the risks of the surgery were explained to her, we agree the issue of assumption of the risk should have been submitted to

the jury. The judgment is reversed and the case is remanded for a new trial.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.