1247

Ethel Archie FAILE, Appellant v. Dr. Blair M. BYCURA, Respondent.
(374 S. E. (2d) 687)

Court of Appeals

*S. Jackson Kimball,* and *John Martin Foster,* Rock Hill, *for appellant.*

*John L. Choate* and *Barbara Howe McArthur,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard Oct. 19, 1988.

Decided Nov. 14, 1988.

CURETON, Judge:

This is a medical malpractice case. Ethel Faile sued Dr. Blair Bycura, a podiatrist, claiming the surgical procedure he performed on her feet was inappropriate treatment for heel spurs. The jury returned a verdict for Bycura. Faile appeals. We affirm.

Faile consulted Bycura in 1983 on referral from another podiatrist. This podiatrist had treated her heel pain with cortisone injections for several years. X-rays taken by Bycura revealed heel spurs in both feet. Faile claims she was only bothered with pain in the right foot and had no problem with the left. Bycura recommended and performed tenotomies and capsulotomies on the second, third, fourth, and fifth toes of both feet. Faile claims the procedures gave her no relief for her heel pain and asserted she now has additional pain in the balls of her feet and her toes. She sued Bycura for negligence alleging he undertook an improper and inappropriate course of treatment for her heel pain. Bycura denied the allegations of negligence and pled the affirmative defenses of assumption of the risk and contributory negligence. He alleged Faile was advised of various alternative methods of treatment and of potential risks including the probabilities of success of the procedures. He claims she voluntarily assumed the risk of the operative procedure. He also alleged she was contributorily negligent in failing to follow his instructions and in failing to wear a corrective device he prescribed.

Faile excepts to (1) the refusal of the trial judge to strike the defenses of assumption of the risk and contributory negligence, (2) the admission of evidence of other cases

where the procedure was performed successfully, and (3) the refusal of the trial judge to give a requested jury instruction. She seeks a new trial.

## I.

Faile alleged tenotomies and capsulotomies were inappropriate procedures for treatment of heel spurs. She did not allege the procedure were negligently performed. Bycura asserted the procedures were appropriate treatment methods. Both sides presented expert testimony as to the appropriateness of the procedures in support of their respective positions.

In a prior appellate decision, the Supreme Court reversed a jury award for Faile because the trial court did not submit the defense of assumption of the risk to the jury. *Faile v. Bycura*, 289 S. C. 398, 346 S. E. (2d) 528 (1986). The Court noted Faile had signed consent forms and testified one of Bycura's employees discussed the risks with her. *Id.* at 399, 346 S. E. (2d) at 529. This record also contains consent forms signed by Faile and testimony about her discussions with employees. The forms specifically designate alternative methods of treatment. They indicate the surgery might not work and she would later need to have surgery on the heel for removal of the spur. Additional forms signed by Faile designate possible complications.

Faile argues assumption of the risk is not an appropriate defense when the issue is the propriety of a particular method of treatment. The Supreme Court did not agree with this position in the first *Faile* opinion. The propriety of the procedure was contested then and now. The jury could find under the evidence the surgical procedure was an appropriate method of treatment. In that case, assumption of the risk is an issue.

Faile further argues assumption of the risk was improperly submitted to the jury because there was no expert testimony presented by Bycura establishing the elements of informed consent. Bycura's records were introduced at trial. Faile testified about her discussions with Bycura and his employees regarding the procedure. She admitted executing consent forms but testified she did not understand them. Neither Bycura nor his employees testified.

Faile confuses the concepts of informed consent and assumption of the risk. A plaintiff may allege a medical practitioner failed to inform her of the consequences of a procedure and thereby failed to obtain an informed consent. This is a theory of liability. In such a situation, a plaintiff must normally establish a breach of the duty to disclose by expert testimony. *Hook v. Rothstein*, 281 S. C. 541, 316 S. E. (2d) 690 (Ct. App. 1984) *writ denied*, 283 S. C. 64, 320 S. E. (2d) 35 (1984); *Botehlo v. Bycura*, 282 S. C. 578, 320 S. E. (2d) 59 (Ct. App. 1984) (application of *Hook* requirements to malpractice action against a podiatrist).

Faile's action did not allege breach of the doctrine of informed consent. Her theory was use of an improper medical procedure. In other words, Faile alleged the surgical procedure could not medically relieve her problem no matter how informed she was about the procedure and its risks or complications. The effectiveness of the procedure was disputed by Bycura. Faile has not cited a complication or risk she now claims to have which was not disclosed to her. We find no merit to Faile's argument on assumption of the risk.

Faile additionally excepts to the submission of contributory negligence to the jury. Bycura asserted she did not follow his instructions and did not wear a prescribed post-operative orthotic device. Faile testified Bycura gave her orthotic devices for her shoes after the operation but she threw them away after trying to wear them for about a month. She did not tell Bycura about her problem with the orthotics. Faile's expert witness testified he recommended the use of orthotics for biomedically induced heel spurs such as Faile's. A subsequent treating physician also testified he recommended the use of orthotic devices. Further, an expert witness for Bycura testified the use of orthotic devices after surgery is appropriate and Faile's condition called for the devices. Under this evidence, it was appropriate for the trial court to submit the issue of contributory negligence to the jury for its consideration.

## II.

As a second issue, Faile excepts to the admission of testimony relating to Bycura's "cure rate" with the surgical procedure performed on her. At trial, Faile's

expert witness testified the performance of tenotomies and capsulotomies for relief of heel pain violated the applicable standard of care because there was no scientific evidence to support the use of the procedures. To rebut this testimony, Bycura's expert witnesses testified about three patients treated by Bycura with the surgical procedure. They had examined the patients after surgery and found the heel condition was improved. This testimony was in addition to their other testimony about their general knowledge and experience with the surgery and its overall success rate. Faile objected to the relevance of the testimony about the three patients.

The admission or exclusion of evidence is a matter within the sound discretion of the trial court. The decision of the trial court will not be disturbed on appeal unless there is a clear showing of abuse of discretion, the commission of legal error in the exercise of discretion, and prejudice to the rights of the appellant. *Bonaparte v. Floyd*, 291 S. C. 427, 354 S. E. (2d) 40 (Ct. App. 1987).

We find no error. The issue was not negligent performance of the surgery. In that situation, evidence of other cases where the physician correctly performed the procedure would not be relevant to a particular case where negligent performance was alleged. Here the issue was negligence in the recommendation of an alternate treatment method. Faile's experts asserted the surgery would not benefit her condition. The success rate of the surgery was therefore relevant. *Thomas v. Register*, 110 S. C. 173, 96 S. E. 517 (1918) (evidence of application of same remedy by physician to other patients was competent on issue of speciousness of remedy).

### III.

Faile also excepts to the failure of the trial court to give a requested jury instruction. Bycura did not testify at the trial. Faile's attorney was allowed full latitude in closing argument to argue the inference which could be drawn from Bycura's failure to testify. The court did not give the following requested instruction:

I charge you that in a civil case the failure or refusal of a party to testify with respect to material facts

peculiarly within his knowledge gives rise to an inference that his testimony, if it had been elicited, would have been unfavorable to his cause or defense.

The refusal to give a requested jury charge must be both erroneous and prejudicial in order to warrant a reversal. *Ballou v. Sigma Nu General Fraternity*, 291 S. C. 140, 352 S. E. (2d) 488 (Ct. App. 1986). There was no error in this case. The Supreme Court discussed this issue in *Baker v. Port City Steel Erectors Inc.*, 261 S. C. 469, 200 S. E. (2d) 681 (1973). The requested charge in *Baker* was almost identical to the one requested in this case. The Supreme Court found no error in the refusal to charge in *Baker*. Since this record indicates counsel had the opportunity to argue the inference to the jury, there was no prejudice to Faile. *Baker*, 261 S. C. at 477, 200 S. E. (2d) at 684 (failure of a witness to testify is a matter which an attorney should argue to the jury—Justice Littlejohn, concurring). Justice Littlejohn's concurring opinion in *Baker* was adopted in *State v. Hammond*, 270 S. C. 347, 242 S. E. (2d) 411 (1978). In *Hammond*, the Supreme Court held it would not reverse a case for failure of the trial court to give the instruction.

The decision of the trial court is

Affirmed.[1]

SHAW, J., and LITTLEJOHN, Acting Judge, concur.

---

[1] Faile excepts to the inclusion of certain material in the record. The record was settled by the trial court. Upon review of the included material we find no error.