## 1251

Martin L. ROOF, Sr., and Ann. P. Roof, Appellants v. Edward E. KIMBROUGH and the Moore Clinic, P.A., Respondents.

(375 S. E. (2d) 318)

Court of Appeals

*James A. Merritt, Jr.*, and *Charles L. Henshaw, Jr., Law Offices of O. Fayrell Furr, Jr.*, Columbia, *for appellants.*

*Charles E. Carpenter, Jr.,* and *Donald V. Richardson, III, Richardson, Plowden, Grier, & Howser,* Columbia, *for respondents.*

Heard Oct. 19, 1988.

Decided Nov. 28, 1988.

SHAW, Judge:

Appellants, Martin L. Roof, Sr. and Ann P. Roof, sued respondents, Edward E. Kimbrough and the Moore Clinic, P.A., for damages arising from surgery performed on Mr. Roof. From a jury verdict in favor of respondents, the Roofs appeal. We affirm.

This case involves two consolidated medical malpractice actions. On June 28, 1982, Mr. Roof underwent back surgery performed by Dr. Kimbrough, a physician employed by the Moore Clinic. Mr. Roof suffered nerve damage due to trauma occurring during surgery and sought damages for personal injury. Mrs. Roof sought damages for loss of consortium. After the jury returned its verdict in favor of respondents, the Roofs made a motion for a new trial which was denied by the trial judge. The Roofs appeal alleging four errors on the part of the trial judge.

The Roofs first contend the trial judge erred in failing to strike for cause particular jurors. By written, pre-trial motion, the Roofs moved to strike for cause any prospective juror who was being or had been treated, or whose family members were treated by the respondents. During voir dire, several members of the venire stated either they themselves or a close relative had been treated by the respondents. Upon questioning by the trial judge, each responded the connection with the respondents would not prejudice him or her and he or she would be able to render a true and just verdict in the case. Three of these jurors were drawn for this case. The Roofs struck two and the respondents struck one. The Roofs now argue the trial judge committed reversible error in failing to exclude these veniremen. We disagree.

In the case of *Abofreka v. Alston Tobacco Co.,* 288 S. C. 122, 341 S. E. (2d) 622 (1986), our Supreme Court held that although a juror should be disqualified by the court if it

appears to the court the juror is not indifferent in the case, such a decision is within the sound discretion of the trial judge. The court noted a prior business relationship between a juror and a party to the case does not disqualify the juror as a matter of law. Since the jurors affirmatively stated they could give the parties a fair trial, the court found no abuse of discretion in the trial judge's failure to disqualify such jurors. We find the case at hand is squarely on point with *Abofreka* and find no abuse of discretion for failure to disqualify these jurors.

The Roofs also assert error in the trial judge's refusal to allow the Roofs to impeach Dr. Kimbrough as an expert witness by use of a medical treatise. The Roofs' counsel called Dr. Kimbrough as a witness and questioned him at length regarding the technique he used in Mr. Roof's surgery. Counsel asked Dr. Kimbrough if he were negligent in cutting the dura in Mr. Roof's spine. Dr. Kimbrough responded, first, he did not cut the dura and, secondly, cutting the dura was not a "breach of trust and standards." Counsel then attempted to impeach Dr. Kimbrough with a medical treatise called *Standard of Orthopaedic Operations,* by Dr. John Crawford Adams. Following an objection from Dr. Kimbrough's counsel, the trial judge ruled the treatise could not be read to the jury.

Limited use of medical textbooks for the purpose of impeaching an expert witness was approved in the case of *Baker v. Port City Steel Erectors, Inc.,* 261 S. C. 469, 200 S. E. (2d) 681 (1973). However, in *Baker* the court noted it is a violation of the hearsay rule to use scientific treatises in the cross-examination of an expert witness, where the effect is to permit the jury to consider the treatise as direct proof of an issue in the case. *Id.* 200 S. E. (2d) at 682. From the offer of proof presented by counsel, we find the excerpt from the medical treatise would have amounted to direct proof of Dr. Kimbrough's negligence had he cut the dura. We therefore affirm the trial judge's denial of the use of the medical treatise.

The Roofs next contend the trial judge erred in striking allegations in the complaint that Kimbrough was negligent and careless in treating Roof with intrathecal injections of steroids for a period of time prior to

surgery. They argue use of these injections as treatment caused Dr. Kimbrough to misdiagnose Roof's condition as spinal stenosis which led to needless, negligent surgery resulting in permanent nerve damage. The trial judge granted Kimbrough's motion to strike this allegation, finding no evidence that the injections were the proximate cause of the injuries suffered by Mr. Roof.

It is undisputed Roof suffered injuries resulting from the surgical procedure. He never maintained the nerve damage resulted from the intrathecal injections, but alleged it was the result of a mistake made during surgery. He did not sue on the basis of an unnecessary operation. His whole theory was that he was injured by Dr. Kimbrough's negligence in surgery.

Proximate cause is the efficient or direct cause of an injury. *Willis v. Floyd Brace Co., Inc.*, 279 S. C. 458, 309 S. E. (2d) 295 (Ct. App. 1983). We hold under the facts of this case the intrathecal injections were not the proximate cause of the damaged nerves and the trial judge was correct in striking the allegations regarding the injections.

Finally, the Roofs contend the trial judge erred in limiting counsel to thirty minutes for summation.

The Roofs argue this was an abuse of discretion given the complexity of the case and the length of the trial.

In the civil case of *Harley v. City of Spartanburg*, 230 S. C. 478, 96 S. E. (2d) 828 (1957), our supreme Court held it was within the discretion of the trial judge to limit the length of time for argument. This holding has not been changed by Rule 43(i), S. C. R. C. P., which provides in part:

> No more than two hours shall be taken by each side in final argument or sum up, without permission of the court.

Similar to this rule is § 40-5-330, South Carolina Code of Laws, 1976, which provides:

> No attorney, solicitor or counsellor shall be allowed to occupy more than two hours of the time of the court in the argument of any cause, unless he shall first obtain the special permission of the court to do so.

In the case of *State v. El*, 286 S. C. 560, 335 S. E. (2d) 544 (1985), our Supreme Court held § 40-5-330 did not give a criminal defendant the absolute right to argue for two hours and the trial judge has discretion to limit oral argument to some lesser period of time. We therefore hold under *Harley* and Rule 43(i), the trial judge has discretion to limit oral argument to less than two hours in civil matters. Under the facts of this case we find there is no evidence the trial judge abused this discretion.

Affirmed.

CURETON and LITTLEJOHN, JJ., concur.