18663

Ella ·KLINE and Lena Kline, Respondents, v. The CITY OF COLUM-
BIA and South Carolina Electric & Gas Company, of whom the
City of Columbia is, Appellant. KLINE SUPPLY COMPANY,
Respondent, v. The CITY OF COLUMBIA and South Carolina
Electric & Gas Company, of whom the City of Columbia is, Ap-
pellant.

(155 S. E. (2d) 597)

*Messrs. John W. Sholenberger* and *Edward A. Harter, Jr.,* of Columbia, *for Appellant,*

*Messrs. Robinson, McFadden & Moore,* of Columbia *for Respondents,*

534

June 7, 1967.

BUSSEY, Justice.

This is an appeal from orders of the Richland County Court, in each of the above entitled actions, overruling a demurrer and a motion to strike by the appellant City of Columbia.

The two actions are identical, except that the individual respondents Kline are the owners of a building on Huger Street in the City of Columbia, and they seek to recover for damages to such building, while respondent Kline Supply Company, a partnership, seeks to recover for damages as owner of the contents of the building. The cases are joined in this appeal because identical questions are involved, and for convenience we shall refer to them in the singular. The damages for which the respondents seek to recover resulted from an explosion and fire on November 19, 1962, allegedly caused by leaking gas coming in contact with a suspended gas heater. The recovery sought against the City is predicated both on Section 47-70 of the 1962 Code of Laws of South Carolina and Article 1, Section 17, of the Constitution.

The complaint charged the City of Columbia as follows:

"(a) In negligently pulling loose a gas line running from Huger Street to the plaintiffs' building while excavating the street in order to change the location of a fire hydrant due to the widening of Huger Street in that area;

"(b) In failing to notify its co-defendant South Carolina Electric & Gas Company to shut off the gas after its agents or servants knew or should have known that their equipment had pulled loose a gas line and gas was escaping; and

"(c) In failing promptly to notify its co-defendant after the foreman of the City's crew had himself been advised of what the crew had done and that he should call the power company."

The defendant, South Carolina Electric & Gas company, which will be referred to simply as the Power Company, is alleged to have been negligent in certain particulars in failing to cut off the gas after the line was ruptured. The complaint also alleged that the damages sustained amounted to a taking of the property as the result of the acts of the City, its agents and servants, for which the respondents were entitled to just compensation at the hands of the court.

The City moved to strike from the complaint allegations (b) and (c) above, and the paragraph alleging a "taking". The City also demurred to the complaint on several grounds, which may be briefly summarized as follows: 1. The complaint did not state facts sufficient to constitute a cause of action under either Section 47-70 of the Code, or Article I, Section 17, of the Constitution. 2. That several causes of action had been improperly united.

The City's motion to strike and its demurrer were both overruled, the lower court holding that the complaint stated a cause of action under both the statute and the Constitutional provision.

The appellant's argument that the complaint does not state any cause of action against it is predicated entirely on the recent decision of this court in *Collins v. City of Green-*

*ville,* 233 S. C. 506, 105 S. E. (2d) 704, wherein it was held that the complaint did not allege a cause of action under either the statute or the constitutional provision here relied on. While there are some similarities, we think the *Collins* case is distinguishable and not here controlling. There the act giving rise to the damages complained of was the clogging of a sewer pipe and the alleged negligent act of a city employee in attempting to unclog such, damage having been sustained when sewerage backed up in plaintiff's premises.

For the purpose of demurrer the complaint must be liberally construed, and all the facts and inferences reasonably drawn therefrom are deemed as true. *Chilton v. City of Columbia,* 247 S. C. 407, 147 S. E. (2d) 642. We first consider whether the complaint alleges a cause of action under the constitutional provision. It appears that in the instant case the City was involved in the affirmative, aggressive and positive act of improving and widening a public street for public use. It was engaged in the exercise of a power ordinarily, though not necessarily, exercised under the power of eminent domain. In the *Collins* case the city was not engaged in any such aggressive and positive act.

It has long been recognized in this jurisdiction that the casting of water on adjoining premises by some act of the governmental authority in the course of making improvements to a public way constitutes a taking of property in violation of Article I, Section 17, of the Constitution. *Chick Springs Water Co. v. State Highway Dept.,* 159 S. C. 481, 157 S. E. 842; *Milhouse v. State Highway Dept.,* 194 S. C. 33, 8 S. E. (2d) 852, 128 A. L. R. 1186; *Faust v. Richland County,* 117 S. C. 251, 109 S. E. 151. No logical reason is suggested why the invasion of one's property with a highly inflammable substance, such as gas, should be considered any less a taking of property than an invasion by water

In the case of *Derrick v. City of Columbia,* 122 S. C. 29, 114 S. E. 857, the plaintiff was permitted to recover damages for injuries to his premises by dangerous fumes created by the improper maintenance of a slaughter house by the city. In the case of *Kneece v. City of Columbia,* 128 S. C. 375, 123 S. E. 100, recovery was permitted for damages caused by disagreeable odors originating from an incinerator installed by the city. In the case of *Gasque v. Town of Conway,* 194 S. C. 15, 8 S. E. (2d) 871, the court pointed to the two cases, last above cited, as illustrative of the following principle,

"The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which make property valuable, including, of course, the right of user, and the right of enjoyment. Accordingly, it has been held that the erection and maintenance of a public work or enterprise under lawful authority in such a way as to destroy the beneficial use of adjacent land or property may constitute a taking, although there is no physical invasion of the property itself."

This court has previously adopted and adhered to the broadest possible view of "what is a taking" and has construed the least actual "damage" to be a "taking". *Webb v. Greenwood County,* 229 S. C. 267, 92 S. E. (2d) 688.

Here respondents allege that they have sustained substantial damage to their property as a result of an aggressive, affirmative, positive act by the City done in the course of widening and improving a public street for public use, and under the authorities hereinabove cited we think the complaint sufficiently alleged a taking of respondents' property for public use in contravention of the Constitution.

The foregoing conclusion would ordinarily render it unnecessary to consider whether the complaint also alleges a cause of action under the statute. In the

instant case, however, we reach such question because, if the complaint only alleges a cause of action under the Constitution, it would follow that under the authority of *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132, specifications of negligence (b) and (c), hereinabove quoted, should have been stricken.

The City's contention as to no cause of action under the statute is based solely on the asserted proposition that the statute does not inure to the benefit of the respondents since they were not at the moment of their damage engaged in any use of the street, in that they were not traveling thereupon and the damaged property was not thereon. Respondents, on the other hand, contend that it was not necessary for them to be actual travelers upon the street at the time of the injury, or for their property to be thereupon, and that it is sufficient that they were engaged in a legitimate use thereof. They point to the case of *Leppard v. Central Carolina Telephone Co.,* 205 S. C. 1, 30 S. E. (2d) 755, for the proposition that legitimate use of an easement for a street or roadway is not limited to travel by foot or conveyance but includes the transmission of electricity, communication and fuel. They assert that the evidence will show that at the time of the damage they were making a legitimate use of the street by hauling or transporting fuel to their premises through pipes lawfully installed in the street with the permission of the city; that they are the owners of the underlying fee in the street, and that the rupture of the gas pipe occurred in the travelled portion of the street.

The issue thus presented is one which has apparently never been squarely presented to or decided by this court. While the *Collins* case relied upon by the City is factually distinguishable, there is language in that opinion, as well as in other opinions of this court, which would tend to support the City's contention that the statute inures only to the benefit of those actually engaged in personally traveling upon a street at the time of injury or damage. Even that decision, however, refers to streets being kept reasonably safe "for

the uses for which they are intended, and for those who travel upon them," and pointed out that plaintiff was not "in any wise using the street."

Language in many other decisions would indicate that the statute inures to the benefit of anyone engaged in any legitimate use of the street. See, among others, the leading cases of *Dunn v. Town of Barnwell*, 43 S. C. 398, 21 S. E. 315; *Reeves v. City of Easley*, 167 S. C. 231, 166 S. E. 120; as well as *Hiott v. Town of Walterboro*, 127 S. C. 251, 119 S. E. 869; *Singleton v. City of Sumter*, 180 S. C. 536, 186 S. E. 535; *Gowan v. Greenville County*, 193 S. C. 327, 8 S. E. (2d) 509.

Based on the judicial language relied upon, each of the parties makes very persuasive arguments in support of their respective positions. In the final analysis, who is correct depends on what was the intent of the legislature, bearing in mind that the statute has to be strictly construed. Decision of the question could prove to be a matter of grave importance, not only to the present litigants, but to future litigants and the general public. In the instant case we reach the question only because of its intertwinement with the refusal of the lower court to strike certain allegations, a matter which would not be the proper subject of an interlocutory appeal but for the fact that the order appealed from also dealt with the merits. It may very well be that upon trial respondents will elect to proceed only on the theory of a taking under the Constitution, in which event a decision of the precise issue would become unnecessary. Under these circumstances and in justice to the parties, as well as future litigants, we think this issue should not be presently decided on demurrer. If it has to be decided, it should be decided, we think, in the light of the evidence adduced on a trial of the case on its merits, so that all pertinent facts may be fully considered by the court in making such an important decision. *Cf. Springfield v. Williams Plumbing Supply Co., Inc., et al.*, S. C., 153 S. E. (2d) 184. We decide only that the respondents, if so minded, are entitled on trial to estab-

lish, if they can, that they have a cause of action within the purview of the statute.

The remaining question for decision is the contention of the City as to misjoinder of causes of action. The City concedes that the alleged cause of action against the Power Company may be properly joined with a cause of action against it under the statute. *Hollifield v. Keller,* 238 S. C. 584, 121 S. E. (2d) 213. It contends, however, that under the authority of *Clarke v. City of Greer,* 231 S. C. 327, 98 S. E. (2d) 751, respondents' cause of action for a taking is improperly joined with the cause of action against the Power Company for negligence. While somewhat similar, the Clarke case is distinguishable. In that case an action under the Constitution against the city was joined with an action against a contractor for both actual and punitive damages and it was held that such actions could not be properly joined.

In the instant case only actual damages are sought against both defendants, and, due to the fact that no distinction is made in this state between damage and taking, the measure of damages against both defendants is the same. Respondents are complaining of only one event that damaged their property. The property damages sought by the respondents are at least relatively fixed and each defendant is affected by any cause of action against the other, since if both are liable, the extent of recovery against each could well be reduced. *Cooper v. Georgia Cas. & Sur. Co.,* 244 S. C. 286, 136 S. E. (2d) 774. The Power Company does not complain of the joinder and under the facts of this case we cannot see any prejudice to the City. It may very well benefit therefrom.

We conclude that the appeal is without merit and the judgment of the lower court is affirmed in result.

Moss, C. J., Lewis and Brailsford, JJ., and G. Badger Baker, Acting J., concur.