## 20415

Benny H. MOORE and Bennie L. Moore, Respondents, v. CHESTER-FIELD COUNTY and Chesterfield County Board of Commissioners, Charles Ingram, as Chairman, J. D. Jones and J. A. Caulder, Commissioners, Appellants.

(234 S. E. (2d) 864)

*Ney B. Steele, Esq.,* of Chesterfield, *for Appellants,*

*Messrs. Sanders & Quackenbush,* of Columbia, and *Charles G. Vaughan, Jr.,* of Bennettsville, *for Respondents,*

May 3, 1977.

GREGORY, Justice:

This case involves an action for the taking of private property for public use without just compensation in violation of Article I, Section 13 of the South Carolina Constitution (1962 Code of Laws, as amended). Chesterfield County appeals from the overruling of its demurrer by the Honorable A. Lee Chandler, Resident Judge of the Fourth Judicial Circuit. The only issue is whether respondents' complaint states facts sufficient to constitute a cause of action. We agree with the lower court that it does, and affirm.

It is well settled that in passing on a demurrer, the complaint must be liberally construed, and all the facts and inferences reasonably drawn therefrom are deemed as true. *Kline v. City of Columbia,* 249 S. Ct. 532, 536, 155 S. E. (2d) 597 (1967).

The complaint alleged the following. The County "did assume full responsibility for the complete maintenance" of the sewer system in Windsor Park Subdivision (in Chesterfield County) in 1961. The County let the system "seriously deteriorate by the addition of untreated effluent," and failed to maintain the collection lines and manholes. As a result of the addition of nondomestic waste and lack of maintenance, the system became clogged. Untreated effluent thus escaped and contaminated respondents' well water. This contamination began about 8 months before the filing of the complaint and was continuing at the time the complaint was filed.

Further, the complaint alleged that the system was in violation of federal and state pollution laws from 1960 to 1975, and that the County had been notified of these violations by a consulting agency in 1974.

Article I, Section 13 of the South Carolina Constitution says, "private property shall not be taken . . . for public use without just compensation being first

made therefor." "Taking" of property is not limited to actual appropriation or invasion of it, but includes any damage or the "deprivation of the ordinary and beneficial use of" one's property. *Spradley v. S. C. State Highway Dept.,* 256 S. C. 431, 434, 182 S. E. (2d) 735, 737 (1971) ; *Gasque v. Town of Conway,* 194 S. C. 15, 8 S. E. (2d) 871 (1940).

However, the taking, or the damage produced thereby, must have some degree of permanence. *Collins v. City of Greenville,* 233 S. C. 506, 105 S. E. (2d) 704 (1958) ; *Gasque v. Town of Conway, supra.* Appellants rely on *Collins v. City of Greenville, supra,* where the Court upheld a demurrer to a complaint alleging an unconstitutional taking of property based on the City's negligent removal of obstructions in a sewer line, thus damaging landowner's property. There the City committed a single, isolated act of negligence. In the present case respondents allege that the County has maintained a sewer system for many years in violation of law, and has caused continuous damage to respondents' underground water supply from at least eight months prior to the commencement of this action.

When the principles laid down in the foregoing South Carolina decisions are applied to the complaint in this action, it is our opinion that facts sufficient to constitute a cause of action are alleged and, accordingly, the trial court correctly overruled the demurrer.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.