21557

BERRY'S ON MAIN, INC., Appellant, v. CITY OF COLUMBIA, *Respondent.*

(281 S. E. (2d) 796)

*Thomas E. McCutchen* and *Herbert W. Hamilton, Whaley, McCutchen & Blanton,* Columbia, *for appellant.*

*Roy D. Bates* and *Danny C. Crowe,* Columbia, *for respondent.*

September 1, 1981.

GREGORY, Justice:

Berry's On Main, Inc. appeals the sustaining of a demurrer to its complaint alleging an unconstitutional taking of property by respondent City of Columbia without compensation.[1] We reverse.

The court below held the complaint deficient for failure to allege two of the necessary elements of an unconstitutional taking. Those found lacking are, first, that there must be an affirmative, positive, aggressive act on the part of the governmental agency, *Kline v. City of Columbia*, 249 S. C. 532, 155 S. E. (2d) 597 (1967); and second, that the taking must have some degree of permanence, *Moore v. Chesterfield County*, 268 S. C. 460, 234 S. E. (2d) 864 (1977).[2]

The complaint alleges the City, as part of its downtown development project, removed the sidewalks and support adjoining Berry's On Main's store building and excavated two trenches to the basement for the purpose of installing and relocating water meters and pipes. Heavy rain that evening and resultant storm water flooded the excavations, which the City failed to backfill, entering appellant's basement. The floodwater allegedly caused "extensive damages to the premises of the basement and to the new merchandise stored there."

In *Kline v. City of Columbia, supra,* the City ruptured a gas line while widening a street, causing a fire which damaged Kline's property. This Court found the street widening project to be an affirmative, positive, aggressive act on the City's behalf.

---

[1] Article I. Section 13 of the South Carolina Constitution provides in part: "private property shall not be taken . . . for public use without just compensation being first made therefor." For a similar provision, see also United States Constitution, Amendment 5.

[2] The lower court correctly noted the four criteria our case law has developed for a cause of action under Article I, Section 13. The other two are: (d) there must be a taking, *Webb v. Greenwood County*, 229 S. C. 267, 92 S. E. (2d) 688 (1956); and (4) the taking must be for public use, *Edens v. City of Columbia*, 228 S. C. 563, 91 S. E. (2d) 280 (1956). These elements are not at issue on this appeal.

We perceive no valid distinction between *Kline* and the case at bar. There is marginal difference, if any, between removing public sidewalks and widening public sidewalks and widening public thoroughfares. Thus, we hold the removal of a public sidewalk and support in the course of an urban redevelopment project constitutes the affirmative, positive, aggressive act our cases require for a taking to offend Article I, Section 13 of our Constitution.

Our Court in *Kline* specifically noted:

"It has long been recognized in this jurisdiction that the casting of water on adjoining premises by some act of governmental authority in the course of making improvements to a public way constitutes a taking of property in. violation . . . of the Constitution."

249 S. C. at 536, 155 S. E. (2d) 597; see, *e. g., Chick Springs Water Co. v. State Highway Department,* 159 S. C. 481, 157 S. E. 842 (1931).

Again we disagree with the trial judge's view that the complaint fails to allege damages with some degree of permanence. Destruction of personal property, as is here alleged, is certainly permanent, and damage to a structure, unless repaired, perseveres. Insofar as *Collins v. City of Greenville,* 233 S. C. 506, 105 S. E. (2d) 704 (1958) can be construed to render this complaint demurrable, we disavow that holding. While it may be said the damages in the case at bar are "a single, isolated instance", *id.,* 233 S. C. at 512, none could rejoin that the damages were not also "presumably of a permanent nature". *Id.* We· find the requisite degree of permanence sufficiently averred to preclude demurrer.

The order sustaining the City's demurrer is reversed and the cause remanded for trial.

Reversed and remanded.

Lewis, C. J., and Ness and Harwell, JJ., concur.

Littlejohn, J., dissents.