**Dimmon SHAW, Plaintiff-Appellant,**

v.

**CITY OF ST. LOUIS, Missouri, State of Missouri, George Peach, Walter David Blackwell, Defendants-Respondents.**

No. 47034.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Application to Transfer Denied
March 20, 1984.

Ernest L. Keathley, Jr., St. Louis, for plaintiff-appellant.

James J. Wilson, City Counselor, St. Louis, John Ashcroft, Atty. Gen., Jefferson City, for defendants-respondents.

PUDLOWSKI, Judge.

Appellant brought this suit seeking damages for inverse condemnation and civil rights violations after spending more than two years in prison on a manslaughter conviction that was reversed on appeal. Appellant maintains the trial court erred in sustaining respondents' motions to dismiss. We affirm.

Appellant surrendered to the St. Louis Police Department March 19, 1978 after learning he was wanted for questioning about a homicide. He was indicted on a charge of second degree murder and convicted by a jury of manslaughter. He was sentenced to ten years in prison. Appellant was incarcerated in the St. Louis City Jail from March 1978 until April 1979, except for two months during which he was confined at Malcolm Bliss Mental Health Center. He was transferred to the Department of Corrections in April 1979 and was incarcerated at the state's prison facility for men at Moberly until July 3, 1980.

This court reversed appellant's conviction after finding there was insufficient evidence to support a conviction. *State v. Shaw*, 602 S.W.2d 17 (Mo.App.1980). We ordered appellant's discharge from prison July 3, 1980.

Appellant claims he had been improperly indicted, tried, convicted and incarcerated when there had been no evidence he had committed the crime. Appellant brought his first count under the theory of inverse condemnation, alleging the actions of respondents City of St. Louis and State of Missouri constituted a wrongful taking, use and appropriation of appellant's liberty and property. Appellant sought damages, interest, attorney's fees and costs.

In his second count, appellant alleged he was deprived of his civil rights in violation of 42 U.S.C. § 1983 by respondents City of St. Louis, State of Missouri, George Peach, St. Louis circuit attorney, and Walter David Blackwell, director of the Missouri Division of Adult Institutions (formerly the Missouri Division of Corrections). Appellant sought damages on the second count.

■ The trial court sustained respondents' motions to dismiss. This appeal follows. On a motion to dismiss for failure to state a claim, we assume to be true all facts alleged by appellant's petition, as well as all reasonable inferences that can be deduced from those facts. *Light v. Lang*, 539 S.W.2d 795, 797 (Mo.App.1976). Appellant's first point claims he was entitled to maintain an action in inverse condemnation. Appellant contends he was deprived of his liberty and property without due process of law when he was convicted of manslaughter and imprisoned when there was insufficient evidence to sustain a conviction.

■ The just compensation clause of the fifth amendment of the United States Constitution provides that "private property shall not be taken for public use without just compensation." The Missouri Constitution also contains a just compensation clause in Art. I, Section 26. Missouri courts recognize a cause of action for inverse condemnation when private property has been taken or damaged for public use. *Page v. Metropolitan St. Louis Sewer District*, 377 S.W.2d 348 (Mo.1964). To state a claim for inverse condemnation, a plaintiff must allege his property was taken or damaged by the state for public use without just compensation. *Mattingly v. St. Louis County*, 569 S.W.2d 251, 252 (Mo.App.1978).

■ Appellant has not alleged his property was taken for public use. He does allege that he incurred $6,000 in attorney's fees and expenses in his trial and appeal. This allegation is not sufficient to bring him within the just compensation clause. Appellant's payments to a private attorney for services rendered do not amount to taking of his property by the state for public use without just compensation.

Appellant also argues his imprisonment amounted to a "taking" of his person. Inverse condemnation is a cause of action for the taking of property for public use without just compensation. A claim for inverse condemnation does not exist for the taking of a person's liberty. *Hurtado v. United States,* 452 F.2d 951 (5th Cir.1971), *vacated* 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973). Appellant's petition failed to state a claim for inverse condemnation and, therefore, it was properly dismissed.

Appellant's second point claims the trial court should not have sustained respondents' motion to dismiss. He asserts respondents deprived him of his constitutional rights in violation of 42 U.S.C. § 1983, which provides in pertinent part:

Every person who, under color of any statute, . . . regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

We first address appellant's claims against respondent Peach. Appellant alleges Peach, as the St. Louis circuit attorney, violated his civil rights by prosecuting him "from arrest through grand jury presentment, trial and post-trial motions."

The United States Supreme Court has held state prosecutors, who act within the scope of their duties in initiating and pursuing criminal prosecutions, are absolutely immune from civil suits for damages under § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The Court reasoned "[t]he common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties." *Id.* at 422–23, 96 S.Ct. at 991. Courts had been concerned that prosecutors would be detracted from their public duties by the harassment of unfounded litigation

and that their independence of judgment might be affected. *Id.* The Court found the same public policy considerations justified absolute immunity under § 1983. *Id.* at 424–28, 96 S.Ct. at 992–94. The Court stated:

We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice. *Id.* at 427–28, 96 S.Ct. at 993–94.

In *Imbler,* the Court limited its findings to prosecutorial functions that are intimately associated with the judicial phase of the criminal process. *Id.* at 430, 96 S.Ct. at 995. The Court stated it did not consider whether prosecutors have absolute immunity in their administrative and investigative functions. *Id.*

The concurring justices in *Imbler* agreed with the majority opinion, but believed it was too broad. Justice White argued prosecutors should have absolute immunity for the use of false testimony, but only a qualified immunity when the case involves the suppression of evidence. *Id.* at 441, 96 S.Ct. at 1000 (White, J., concurring).

Several commentators have discussed the *Imbler* case. A detailed discussion of the issues surrounding immunity for prosecutors is not necessary for the resolution of this case. For excellent reviews of the issues, *see* Note, *Official Immunity-State Prosecutor's Immunity from Civil Damage Suit Under 42 U.S.C. § 1983,* 8 U.Tol.L.Rev.

531 (Winter 1977); Note, *Absolute Immunity for Prosecutors, Too Broad a Protection: Imbler v. Pachtman,* 10 Sw.L.J. 305 (1978); Note, *Civil Rights-Section 1983 Damages-Prosecutor Has Absolute Immunity From Civil Liability For Acts Committed Within The Scope of His Duties,* 47 Miss.L.J. 812 (1976); Note, *Constitutional Law-Federal Civil Rights Act-Absolute Immunity Extended to Prosecuting Attorney,* 60 Marq.L. Rev. 152 (Fall 1976) and Note, *Criminal Law: Prosecutor's Immunity From Actions for Deprivation of Civil Rights,* 16 Washburn L.J. 217 (Fall 1976). *See also* Note, *Section 1983, Immunity, and the Public Defender: The Misapplication of Imbler v. Pachtman,* 55 Chi.[-]Kent L.Rev. 477 (1979).

■ Applying the principles in *Imbler* to the present case, we find the trial court correctly dismissed appellant's petition. Appellant has alleged respondent violated his civil rights by prosecuting him from the time of his arrest through grand jury presentment, trial and post-trial motions. These actions fall squarely within the scope of the *Imbler* decision. Respondent Peach has absolute immunity for prosecutorial functions that are intimately associated with the judicial phase of the criminal process. *Id.* at 430, 96 S.Ct. at 995. Appellant would have had to allege impropriety by respondent Peach in his administrative or investigative functions if the claims were to fall outside of the scope of *Imbler. Id.*

■ Appellant's second point also claims he had stated a cause of action against respondents State of Missouri and City of St. Louis. Appellant claims respondent Peach was an employee of the city and of the state and was acting within the scope of his employment and pursuant to state law when he allegedly violated appellant's civil rights. The Supreme Court has held municipalities are "persons" within the meaning of § 1983 and can be held liable for civil rights violations. *Monell v. Dept. of Soc. Serv. of City of N.Y.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To state a cause of action against a municipality under § 1983, it is necessary to allege a policy, custom, ordinance, regulation, or de-

cision of the city that affected the plaintiff's civil rights. *Id.* at 690–91, 98 S.Ct. at 2036. Appellant has failed to make such allegations. The city cannot be found liable on a purely respondeat superior theory. *Id.* at 691, 98 S.Ct. at 2036–38. We find appellant failed to state a cause of action against the City of St. Louis.

■ Appellant also failed to state a cause of action against the State of Missouri. Unlike cities, states have not been held to be "persons" under § 1983. Section 1983 is directed at individuals acting under color of state law, not individual states. The State of Missouri is not a proper party to an action brought under § 1983. *Aubuchon v. State of Missouri,* 631 F.2d 581, 582 (8th Cir.1980).

■ Appellant next claims the trial court erred in dismissing his second count against respondent Blackwell. Appellant alleges respondent violated his civil rights by incarcerating him based upon a conviction that was not supported by the evidence.

Appellant was committed to the Missouri Division of Corrections by a St. Louis circuit court. Respondent Blackwell, as director of the division, was acting pursuant to a facially valid commitment order. Numerous courts have rejected similar attempts to hold corrections officials liable. *See Pusateri v. Johnston,* 398 F.2d 327 (3rd Cir.1968), *Rhodes v. Houston,* 202 F.Supp. 624, 636 (D.Neb.1962), *aff'd.* 309 F.2d 959 (8th Cir.1962), *cert. denied* 383 U.S. 971, 86 S.Ct. 1282, 16 L.Ed.2d 311 (1966) and *Eaton v. Bibb,* 217 F.2d 446 (7th Cir.1954), *cert. denied* 350 U.S. 915, 76 S.Ct. 199, 100 L.Ed. 802 (1955). We find appellant has failed to state a claim in his allegation respondent is liable for an incarceration based on a conviction that was not supported by the evidence.

In summary, we affirm the trial court's dismissal of the second count of appellant's petition for failure to state a claim against respondents Peach, Blackwell, State of Missouri and City of St. Louis. We deny the request by respondents Peach and the City

of St. Louis for an award of attorney's fees and damages. Appellant's appeal is not of a frivolous nature warranting damages under Mo.R.Civ.P. Rule 84.19. The test of whether an appeal is not frivolous is whether the question raised on appeal is at least fairly debatable. *Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 276 (Mo.App.1979). The issues in this appeal were fairly debatable.

Judgment affirmed.

CRIST, P.J., and SIMON, J., concur.