630 S.E.2d 479

**WRB LIMITED PARTNERSHIP, a South Carolina Limited Partnership, Appellant,**

v.

**COUNTY OF LEXINGTON, Respondent.**

**No. 26149.**

Supreme Court of South Carolina.

Heard April 19, 2006.
Decided May 15, 2006.

D. Reece Williams, III, Jennifer N. Stone, and Michael W. Tighe, all of Callison Tighe & Robinson, L.L.C., of Columbia, for appellant.

Jeffery M. Anderson, Lisa Lee Smith, and Matthew D. Sullivan, all of Nicholson, Davis, Frawley, Anderson & Ayer, LLC, of Lexington, for respondent.

Justice MOORE:

Appellant WRB Limited Partnership (Landowner) commenced this inverse condemnation action against respondent Lexington County (County) alleging that methane gas from County's adjacent landfill contaminated Landowner's property.[1] The trial judge granted County's motion for summary judgment and Landowner appeals.

## FACTS

The parties submitted affidavits indicating the following. Methane gas is produced as buried waste materials decay. It is a combustible and explosive gas that is hazardous in significant concentrations. To prevent the natural underground migration of methane to Landowner's adjacent property, County took several actions required by the South Carolina Department of Environmental Control and the Environmental Protection Agency including capping the landfill, installing venting pipes, and digging a trench near the property line where a methane gas recovery system was installed.

Landowner's expert opined that the migration of methane to Landowner's property resulted from "the geo-synthetic cap-

---

1. The landfill closed in 1988.

ping of [the landfill] in 2001 and the clay cap installed in 1990." This capping diverted the vertical migration of methane and caused it to vent laterally onto Landowner's property. County's expert summarily stated a contrary opinion that the capping "was not the cause of the methane gas migrating to [Landowner's] property."

The trial judge found that although there was a factual dispute regarding whether capping caused the migration of methane to Landowner's property, the capping in any event was not "an affirmative, positive, aggressive act" and therefore did not support an action for inverse condemnation.

## ISSUE

Is the capping of the landfill an affirmative, aggressive, and positive act to support an action for inverse condemnation?

## DISCUSSION

In an action for inverse condemnation, the property owner is the moving party claiming an act of the sovereign has damaged his property to the extent of an actual taking, entitling him to compensation. *Cobb v. South Carolina Dep't of Transp.*, 365 S.C. 360, 618 S.E.2d 299 (2005). Whether the plaintiff has established a claim for inverse condemnation is a matter for the court to determine. *Id.* To prevail in such an action, a plaintiff must prove "an affirmative, aggressive, and positive act" by the government entity that caused the alleged damage to the plaintiff's property. *Berry's On Main, Inc. v. City of Columbia*, 277 S.C. 14, 16, 281 S.E.2d 796, 797 (1981); *Kline v. City of Columbia*, 249 S.C. 532, 535, 155 S.E.2d 597, 599 (1967).

We find our decisions in *Kline, supra,* and *Berry's On Main, supra,* controlling on this issue. As in the case before us, these cases involved public improvements that allegedly damaged private property. In *Kline,* the City of Columbia was widening and improving a public street when a gas line was breached causing an explosion and fire on the neighboring property. In *Berry's On Main,* the City of Columbia undertook an urban redevelopment project that involved excavating a public street. The excavations flooded during heavy rain damaging the property owner's store. In both these cases we

found an affirmative, aggressive, and positive act by the local government that supported a cause of action for inverse condemnation. *Cf. Collins v. City of Greenville,* 233 S.C. 506, 105 S.E.2d 704 (1958) (no positive act where the city, in attempting to unclog a sewer line, caused sewage to overflow from the plaintiff's commodes damaging his property).

██ Here, County undertook a permanent public project in capping the landfill. Whether this action resulted in a taking is not before us. We simply find on the single element of an affirmative, aggressive, positive act that County's action meets this requirement and summary judgment should not have been granted.

**REVERSED.**

TOAL, C.J., WALLER, PLEICONES, JJ., and Acting Justice KNOX McMAHON, concur.