THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 McPeake
 Hotels, Inc., Appellant,
 v.
 Jasper's Porch,
 Inc. and the Town of Ridgeland, South Carolina,
 Of whom the
 Town of Ridgeland, South Carolina is the, Respondent.
 
 
 

Appeal
 From Jasper County
R.
 Markley Dennis, Jr., Circuit Court Judge
Unpublished
 Opinion No. 2009-UP-396
Heard
 May 12, 2009  Filed July 23, 2009
AFFIRMED 

 
 
 
 Gregory M. Alford, of Hilton Head, for
 Appellant.
 Andrew F. Lindemann, of Columbia, for
 Respondent.
 
 
 

PER
 CURIAM:  In
 this inverse condemnation action, McPeake Hotels, Inc. appeals the grant of
 summary judgment in favor of the Town of Ridgeland.[1]  McPeake further
 appeals the denial of injunctive relief and argues summary judgment was
 premature because discovery was not yet completed.[2]  We affirm.
1. 
 As to the inverse condemnation claim, McPeake failed to present any evidence of
 diminution in value of the property as a result of the alleged taking and we
 affirm the grant of summary judgment pursuant to Rules 220(b)-(c),[3] SCACR, and
 the following authorities:  Kiriakides v. School Dist. of Greenville County,
 382 S.C. 8, 14, 675 S.E.2d 439, 442 (2009) ("A landowner has the burden of
 proving damages for the taking of the landowner's property, whether through
 condemnation proceedings or by inverse condemnation."); WRB Ltd. P'ship
 v. County of Lexington, 369 S.C. 30, 32, 630 S.E.2d 479, 481 (2006)
 (in order to prevail in an inverse condemnation action, the plaintiff must
 prove an affirmative, aggressive, and positive act by the government, causing
 the alleged damage to the plaintiff's property); Raven v. Greenville County,
 315 S.C. 447, 465, 434 S.E.2d 296, 307 (Ct. App. 1993) (stating the measure of
 damages for injury to real property, whether by nuisance, trespass, negligence,
 or inverse condemnation is the diminution in the market value of the property).  
2. 
 As to the remaining claim for injunctive relief, McPeake failed to challenge
 the grounds upon which the trial court based its decision to deny the request
 for an injunction.  See Charleston Lumber Co., Inc. v. Miller Hous.
 Corp., 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (providing "an
 unchallenged ruling, right or wrong, is the law of this case.").  Moreover,
 on appeal, McPeake merely argues a governmental entity is not precluded from
 being enjoined based on sovereign immunity.  See Anderson v. Short,
 323 S.C. 522, 525, 476 S.E.2d 475, 477 (1996) (holding when a trial court's
 decision is based on multiple grounds, the appellate court will affirm unless
 the appellant appeals all grounds because the unappealed ground will become the
 law of the case).  Accordingly, we affirm the trial court's denial of
 injunctive relief as it is the law of the case.
AFFIRMED.[4]
HUFF,
 PIEPER, and GEATHERS, JJ., concur.

[1]  This appeal
 does not involve any claim against Jasper's Porch, Inc.
[2] Although McPeake
 argued the motion for summary judgment was premature in its memorandum in
 opposition to the motion, the trial court never addressed this issue and
 McPeake did not raise the issue in its Rule 59(e) motion.  Accordingly, this
 issue is not preserved for appellate review.  See Wilder Corp. v.
 Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating issue cannot be
 raised for the first time on appeal but must have been raised to and ruled upon
 by the trial judge to be preserved for appellate review).  We further note that
 a motion for continuance was never filed by McPeake.  Nonetheless, there was
 ample time to conduct discovery as this action was pending for more than one
 year and McPeake even acknowledged in its interrogatories four months prior to
 the hearing that it would likely retain an expert to testify concerning
 damages. 
[3] See Upchurch
 v. New York Times, 314 S.C. 531, 538, 431 S.E.2d 558, 562 (1993) (We may
 affirm the trial judge for any reason appearing in the record.) (citing Rule
 220(c), SCACR).
[4] The Town of
 Ridgeland asked this court to review its denial of the motion to strike the
 deposition pages filed after the trial court orally granted summary judgment. 
 Because these pages were filed after the trial court granted summary judgment,
 we agree these pages were untimely.  See Higgins v. Med. Univ. of
 South Carolina, 326 S.C. 592, 599, 486 S.E.2d 269, 272 (Ct. App. 1997)
 ("When ruling on a motion for summary judgment, the trial court must
 consider all of the documents and evidence within the record,
 including the pleadings, depositions, answers to interrogatories, admissions on
 file, and affidavits.") (emphasis in original).  Nevertheless, even if the
 omitted deposition pages were considered, they have no impact on the
 disposition of this appeal.  See McCall v. Finley, 294 S.C. 1, 4,
 362 S.E.2d 26, 28 (Ct. App. 1987) ("whatever doesn't make any difference,
 doesn't matter.").