706 S.E.2d 501

**CAROLINA CHLORIDE, INC.,** Respondent,

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION,** Appellant.

No. 26930.

Supreme Court of South Carolina.

Heard Nov. 3, 2010.

Decided Feb. 22, 2011.

430

Beacham O. Brooker, Jr. and Natalie J. Moore, both of Columbia, for Appellant.

Edward D. Sullivan, Christian Stegmaier, and Amy L. Neuschafer, all of Collins & Lacy, of Columbia, for Respondent.

Justice PLEICONES.

Respondent brought this inverse condemnation action against South Carolina Department of Transportation (SCDOT). The master in equity granted summary judgment in favor of respondent. SCDOT appeals. We reverse and remand.

## FACTS

Respondent owned a tract of land located at the southeast corner of the intersection of Killian Road (running east to west) and Farrow Road (running north to south). A railroad track owned by Norfolk Southern Corporation (Norfolk Southern) runs parallel to Farrow Road, adjacent to respondent's property. Respondent never had direct access to Farrow Road from its property. Respondent directly accessed Killian Road using a driveway to the right of the railroad track.

In 2006, Norfolk Southern entered an agreement with SCDOT whereby SCDOT closed the portion of Killian Road that contained a railroad grade crossing near the intersection of Farrow Road.[1] After the road closing, respondent could no longer access Farrow Road by turning left onto Killian road and crossing the Norfolk Southern tracks. Instead, respondent had to turn right onto Killian Road, then right onto Longtown Road, and travel around the back of the property to the point where Longtown Road intersects Farrow Road.

[1]. This agreement was made pursuant to S.C.Code Ann. § 58–15–1625 (Supp.2009). The agreement also provided for the construction of a highway overpass over the tracks at the next intersection to the north.

Respondent subsequently brought this inverse condemnation action seeking damages for the lost value of its land that purportedly resulted from the taking of its access rights to Farrow Road. The master in equity granted summary judgment in favor of respondent.

## ISSUES

I. Did the master err in finding *Hardin v. S.C. Dep't of Transp.*, 371 S.C. 598, 641 S.E.2d 437 (2007) does not apply to this case?

II. Did the master err in granting summary judgment in favor of respondent?

## DISCUSSION

I. *Applicable Law*

■ SCDOT argues the master erred in finding *Hardin* should only apply prospectively. We agree.

Prior to the Court's decision in *Hardin*, a landowner's ability to recover damages as a result of a re-configuration of road access depended on the location of his land with reference to the road vacated and the effect of the vacation on his rights as an abutting landowner. *See City of Rock Hill v. Cothran*, 209 S.C. 357, 40 S.E.2d 239 (1946). The *Cothran* Court held a landowner is not entitled to recover damages unless he has sustained a "special injury," which is an injury different in kind and not merely in degree from that suffered by the public at large. *Id.* at 368–69, 40 S.E.2d at 243–44.

In *Hardin*, the Court abandoned the "special injury" analysis which previously existed in this state's jurisprudence, and specified that the focus in these cases should be how any road re-configuration affects a property owner's easements. *Hardin*, 371 S.C. at 609, 641 S.E.2d at 443.

■ "The general rule regarding retroactive application of judicial decisions is that decisions creating new substantive rights have prospective effect only, whereas decisions creating new remedies to vindicate existing rights are applied retrospectively." *Toth v. Square D Co.*, 298 S.C. 6, 8, 377 S.E.2d 584, 585 (1989). "Prospective application is required when

liability is created where formerly none existed." *Id.; See also Marcum v. Bowden,* 372 S.C. 452, 643 S.E.2d 85 (2007) (the holding that an adult social host who knowingly and intentionally serves an alcoholic beverage to a person between the ages of 18 and 20 created tort liability where formerly there was none, and thus, the Court's decision should be applied prospectively); *Ludwick v. This Minute of Carolina,* 287 S.C. 219, 337 S.E.2d 213 (1985) (employment law case first recognizing the tort of retaliatory discharge, thereby creating a new cause of action and a new substantive right); *McCaskey v. Shaw,* 295 S.C. 372, 368 S.E.2d 672 (Ct.App.1988) (the Court's recognition of a tort for the negligent infliction of emotional distress created a new cause of action and should be applied prospectively).

We find the master erred in concluding *Hardin* should only be applied prospectively. At the outset, we note counsel for respondent candidly agreed at oral argument that *Hardin* should apply here. We find *Hardin* created no new right or cause of action, but, rather restated the focus in determining whether a road re-configuration amounts to a taking. Thus, *Hardin* applies retrospectively.

## II. *Summary Judgment*

■ SCDOT argues the master in equity erred in granting summary judgment in favor of respondent. We agree.

■ When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court. *Fleming v. Rose,* 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law. Rule 56(c), SCRCP. Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *USAA Property and Cas. Ins. Co. v. Clegg,* 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008). In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party. *Fleming,* 350 S.C. at 493–94, 567 S.E.2d at 860.

■ Private property shall not be taken for public use without the payment of "just compensation." S.C. Const. art. I, § 13. The elements of an action for an inverse condemnation are: (1) affirmative conduct of a government entity; (2) the conduct effects a taking; and (3) the taking is for a public use. *Byrd v. City of Hartsville*, 365 S.C. 650, 657, 620 S.E.2d 76, 79 (2005). A plaintiff's right to recovery in an inverse condemnation case is premised upon the ability to show that he or she has suffered a taking. *Hardin*, 371 S.C. at 604, 641 S.E.2d at 441.

■ A property owner in South Carolina has an easement for access to and from any public road that abuts his property, regardless whether he has additional access to and from another public road. *Hardin*, 371 S.C. at 606, 641 S.E.2d at 442. A property owner also has an easement for access to and from the public road system. *Id.* In cases addressing road re-configuration, the focus must be on a landowner's actual property interests; that is, his easements. *Hardin*, 371 S.C. at 609, 641 S.E.2d at 443.

As explained above, the master in equity erred in finding *Hardin* does not apply to this case. The master, however, went on to state respondent would prevail even under *Hardin*. Specifically, the master found the railroad track did not destroy the contiguity of respondent's property for purposes of determining whether the property abuts Farrow Rd. Thus, the master concluded SCDOT's closing of the grade crossing effected a taking of respondent's easement of access to Farrow Road.

We find the master erred in granting summary judgment in favor of respondent. There is no question respondent satisfied the first element of inverse condemnation, as SCDOT's closing of Killian Road was affirmative conduct of a government entity. Viewing the evidence in the light most favorable to SCDOT, however, we find that while the closure was effected for a public purpose, there remains a genuine issue of material fact whether SCDOT's actions constituted a taking. Specifically, there is a question whether respondent had an easement of access as an abutting landowner to Farrow Road. Respondent's property is separated from Farrow Road by the strip of land surrounding the railroad track, and there has

been no evidence presented of the quantum of the estate of that portion of land. Because further inquiry into the facts of this case is desirable to clarify the application of the law, we find summary judgment was not appropriate.

## CONCLUSION

Based on our finding the factual record is insufficient for summary judgment, the decision of the master is

**REVERSED AND REMANDED.**

TOAL, C.J., BEATTY and HEARN, JJ., concur.

KITTREDGE, J., concurring in a separate opinion.

Justice KITTREDGE.

I concur in result and agree that the presence of a genuine issue of material fact renders summary judgment inappropriate. I write separately because my view of the law is reflected in Justice Waller's dissent in *Hardin v. S.C. Dep't. of Transportation*, 371 S.C. 598, 641 S.E.2d 437 (2007).