**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Richard Izzard, Appellant,

v.

City of Georgetown Building Official, Stephen Stack, and City of Georgetown, Respondents.

Appellate Case No. 2011-195786

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-479
Heard October 8, 2013 – Filed December 18, 2013

———————

**AFFIRMED**

———————

Richard Izzard, pro se.

Michael Warner Battle, of Battle & Vaught, P.A., of Conway, for Respondents.

———————

**PER CURIAM:** This appeal arises out of Appellant Richard Izzard's complaint against Respondents the City of Georgetown and Stephen Stack. On appeal, Izzard argues the circuit court erred by: (1) relying on a prior action when no such action existed; (2) determining there were no genuine issues of material fact and entering

judgment as a matter of law; (3) applying the doctrine of res judicata; (4) applying the doctrine of collateral estoppel; (5) finding there was no improper taking as a matter of law; (6) determining as a matter of law the City properly asserted its police power; (7) granting Respondents summary judgment on Izzard's negligence and gross negligence claims; (8) granting Respondents summary judgment on Izzard's procedural due process claim; (9) granting Respondents summary judgment on Izzard's conversion claim; and (10) determining Respondents' actions were in concert with the International Building Code.  We affirm.

1. Because we find there is no genuine issue of material fact that Izzard's property was taken for public use, we need not reach whether the circuit court erred by applying the doctrines of res judicata and collateral estoppel to bar Izzard's takings and police power claims.  Therefore, the circuit court did not err by granting summary judgment.  *See* Rule 56(c), SCRCP (providing summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Carolina Chloride, Inc. v. S.C. Dep't of Transp.*, 391 S.C. 429, 435, 706 S.E.2d 501, 504 (2011) ("The elements of an action for an inverse condemnation are: (1) affirmative conduct of a government entity; (2) the conduct effects a taking; and (3) the taking is for a public use."); *S.C. State Highway Dep't v. Wilson*, 254 S.C. 360, 365, 175 S.E.2d 391, 394 (1970) ("[J]ust compensation is required in the case of the exercise of eminent domain but not for the loss by the property owner which results from the constitutional exercise of the police power."); *Carolina Convenience Stores, Inc. v. City of Spartanburg*, 398 S.C. 27, 32, 727 S.E.2d 28, 30 (Ct. App. 2012) ("A detriment to private property that results from a legitimate exercise of police power does not constitute a taking of private property for public use.").

2.  We find there is no genuine issue of material fact as to whether Izzard's due process rights were violated; therefore, the circuit court did not err by granting summary judgment on Izzard's procedural due process claim.  *See* Rule 56(c), SCRCP (providing summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Harbit v. City of Charleston*, 382 S.C. 383, 394, 675 S.E.2d 776, 781-82 (Ct. App. 2009) (affirming the circuit court's grant of summary judgment on the appellant's

procedural due process claim when the appellant "received three levels of review, in each of which he was allowed to present his position").

3. We find no error in the circuit court granting summary judgment for Respondents on Izzard's negligence, gross negligence and conversion claims because Izzard's claims were barred by the statute of limitations. *See* Rule 220(c), SCACR (providing an appellate court may affirm for any reason appearing in the record); S.C. Code Ann. § 15-78-110 (2005) (providing any action brought pursuant to the South Carolina Tort Claims Act "is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered"); *Holmes v. Nat'l Serv. Indus., Inc.*, 395 S.C. 305, 309, 717 S.E.2d 751, 753 (2011) ("[T]he statute of limitations begins to run from the date the claimant knew or should have known that, by the exercise of reasonable diligence, a cause of action exists."); *Snell v. Columbia Gun Exch., Inc.*, 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981) ("The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.").

4. We find Izzard's remaining issues on appeal are unpreserved for appellate review. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) (noting an issue must be raised to and ruled upon by the circuit court to be preserved for appellate review).

**AFFIRMED.**

**FEW, C.J., and PIEPER, and KONDUROS, JJ., concur.**