**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jack Edward Earl Parker, Appellant,

v.

The State of South Carolina, Respondent.

Appellate Case No. 2013-001765

_____

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

_____

Unpublished Opinion No. 2015-UP-221
Submitted March 23, 2015 – Filed May 6, 2015

_____

**AFFIRMED**

_____

Robert Clyde Childs III, of Childs Law Firm, of
Greenville, for Appellant.

Russell W. Harter Jr. and Carly Harter Davis, both of
Chapman, Harter & Harter, P.A., of Greenville, for
Respondent.

_____

**PER CURIAM:** Jack Parker argues the trial court erred in dismissing his novel
inverse condemnation claim requesting compensation under the takings clause of
the South Carolina constitution for his wrongful imprisonment after the State

prosecuted and convicted him for murder in violation of the Double Jeopardy Clause.  We affirm.

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court." *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009).  "That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* (internal quotation marks omitted).  "If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper." *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006).  "Furthermore, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action." *Id.* at 116-17, 628 S.E.2d at 874.

Generally, "important questions of novel impression should not be decided on a Rule 12(b)(6), . . . motion to dismiss." *Evans v. State*, 344 S.C. 60, 68, 543 S.E.2d 547, 551 (2001).  "Instead, a novel issue is best decided in light of the testimony to be adduced at trial." *Id.*  However, when the dispute concerns the interpretation of the law, and not the underlying facts, and further development of the record will not aid in resolving the issues, it is proper to decide even novel issues on a 12(b)(6) motion to dismiss. *Madison v. Am. Home Prods. Corp.*, 358 S.C. 449, 451, 595 S.E.2d 493, 494 (2004).

"A plaintiff's right to recovery in an inverse condemnation case is premised upon the ability to show that he or she has suffered a taking." *Carolina Chloride, Inc. v. S.C. Dep't of Transp.*, 391 S.C. 429, 435, 706 S.E.2d 501, 504 (2011).  South Carolina courts have yet to expand the definition of property under the state takings clause to include liberty or any of the other rights Parker has asserted. However, other jurisdictions have considered similar circumstances.

In *Shaw v. City of St. Louis*, the Missouri Court of Appeals affirmed the trial court's dismissal of Shaw's inverse condemnation claim requesting compensation for his wrongful imprisonment.  664 S.W.2d 572, 574 (Mo. Ct. App. 1983).  The court of appeals had previously vacated Shaw's conviction for manslaughter because insufficient evidence supported the conviction. *Id.*  Shaw asserted his imprisonment before the court of appeals overturned his conviction constituted a

taking of his person, supporting his claim for inverse condemnation under the Just Compensation Clause of both the United States Constitution and the Missouri constitution. *Id.* at 574-75. The court of appeals found Shaw had not alleged his private property was taken, other than legal fees, which the court found insufficient for an inverse condemnation claim. *Id.* at 574. In dismissing Shaw's claim, the court of appeals concluded claims for inverse condemnation "[do] not exist for the taking of a person's liberty" and instead only concern takings of private property for public use. *Id.* at 574-75.

Similarly, in *Jones v. United States*, in an unpublished opinion, the United States Court of Appeals for the Federal Circuit affirmed the dismissal of a prisoner's claim for compensation under the Takings Clause because "[s]eizure of convicted prisoners and their personal property are not the kinds of takings that are prohibited by the Fifth Amendment." 440 F. App'x 916, 918-19 (Fed. Cir. 2011). Jones had been convicted of criminal sexual conduct and burglary and sentenced to seventy-two months' imprisonment. *Id.* at 917. Unlike the plaintiffs in *Shaw* and the present case, Jones unsuccessfully appealed his convictions numerous times and remained in prison. *Id.*

Although the circumstances underlying Parker's claim are distinguishable from those in *Shaw* and *Jones* because Parker's conviction and imprisonment involved a retrial that violated the Double Jeopardy Clause, we find it does not affect the trial court's analysis and dismissal. Additionally, unlike the plaintiff in *Shaw*, Parker's conviction was overturned not because of insufficient evidence or exoneration but instead due to a procedural defect. Furthermore, like the courts in *Jones* and *Shaw*, South Carolina courts have yet to expand the definition of property under the state takings clause to include liberty or any of the other rights Parker has asserted. Because our courts have yet to do so, we find the trial court did not err in granting the State's motion to dismiss Parker's inverse condemnation claim. Accordingly, the trial court's dismissal is

**AFFIRMED.[1]**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.