**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carolina Chloride, Inc., Appellant,

v.

South Carolina Department of Transportation, Respondent.

Appellate Case No. 2016-001440

---

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

---

Unpublished Opinion No. 2018-UP-063
Submitted January 1, 2018 – Filed February 7, 2018

---

**AFFIRMED**

---

Christian Stegmaier and Kelsey Jan Brudvig, both of Collins & Lacy, PC, of Columbia, and Edward D. Sullivan, of Sullivan Law Firm, PC, of Columbia, all for Appellant.

Beacham O. Brooker, Jr., of Brooker Law Offices LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Carolina Chloride appeals the Master-in-Equity's order granting the South Carolina Department of Transportation's motion to dismiss. On appeal,

Carolina Chloride argues the Master erred in finding (1) Carolina Chloride's property did not abut Farrow Road and (2) Carolina Chloride failed to exhaust available administrative remedies prior to filing suit. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Carolina Chloride's property did not abut Farrow Road: *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law. The [c]ourt will not disturb the [Master]'s findings unless they are found to be without evidence that reasonably supports those findings."); *Carolina Chloride, Inc. v. S.C. Dep't of Transp.*, 391 S.C. 429, 435, 706 S.E.2d 501, 504 (2011) ("The elements of an action for an inverse condemnation are: (1) affirmative conduct of a government entity; (2) the conduct effects a taking; and (3) the taking is for a public use."); *id.* ("A plaintiff's right to recovery in an inverse condemnation case is premised upon the ability to show that he or she has suffered a taking."); *id.* ("A property owner in South Carolina has an easement for access to and from any public road that abuts his property, regardless whether he had additional access to and from another public road."); *Mosteller v. Cnty. of Lexington*, 336 S.C. 360, 365, 520 S.E.2d 620, 623 (1999) ("'Abut' means to be contiguous, or border on; to bound upon; to end, end at, or terminate, to join at a border or boundary; to meet; to touch at the end or side." (quoting 1 C.J.S. at 397 (1985)).

2. As to whether Carolina Chloride failed to exhaust available administrative remedies prior to filing suit: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.