**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

West/Hobby, LLC, Respondent,

v.

County of Newberry, Appellant.

Appellate Case No. 2016-001773

———————————

Appeal From Newberry County
Donald B. Hocker, Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-257
Heard December 4, 2018 – Filed July 17, 2019

———————————

**AFFIRMED**

———————————

Patrick John Frawley, of Davis Frawley, LLC, of
Lexington, for Appellant.

James L. Bruner and Benjamin C. Bruner, both of Bruner
Powell Wall & Mullins, LLC, of Columbia, for
Respondent.

———————————

**PER CURIAM:** In this inverse condemnation action, the County of Newberry
(the County) appeals the trial court's rulings that a taking of West/Hobby, LLC's
land had occurred and West/Hobby's claim was not barred by the statute of

limitations or the doctrine of assumption of the risk.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the County's argument on the statute of limitations, we find because the County failed to challenge the trial court's ruling the statute of limitations was tolled until 2011, this ruling is the law of the case: *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."), *abrogated on other grounds by Repko v. Cty. of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018); *McClurg v. Deaton*, 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) ("It is axiomatic that an issue cannot be raised for the first time in a reply brief.").  We further find the County failed to meet its burden of demonstrating the trial court erred in ruling the statute of limitations had not run because West/Hobby's injury was abatable: *Cutchin v. S.C. Dep't of Highways & Pub. Transp.*, 301 S.C. 35, 37, 389 S.E.2d 646, 648 (1990) ("Where . . . the cause of the injury is *abatable*, each injury gives rise to a new cause of action which may be commenced within the applicable limitations period." (citing *McCurley v. S.C. State Highway Dep't*, 256 S.C. 332, 335, 182 S.E.2d 299, 300 (1971); *Webb v. Greenwood Cty.*, 229 S.C. 267, 277, 92 S.E.2d 688, 692 (1956))); Rule 15(b), SCRCP ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (stating "an appealed order comes to the appellate court with a presumption of correctness and the burden is on appellant to demonstrate reversible error").

2.  As to the County's argument concerning the doctrine of assumption of the risk: *Cole v. Raut*, 378 S.C. 398, 405 n.2, 663 S.E.2d 30, 33 n.2 (2008) (holding the affirmative defense of assumption of the risk had been largely subsumed by the law of comparative negligence (citing *Davenport v. Cotton Hope Plantation Horizontal Prop. Regime*, 333 S.C. 71, 88, 508 S.E.2d 565, 574 (1998))); *id.* at 404-05, 663 S.E.2d at 33 ("In order for the doctrine of assumption of the risk to apply in a particular case, the injured party must have freely and voluntarily exposed himself to a known danger which he understood and appreciated." (citing *Faile v. Bycura*, 289 S.C. 398, 399, 346 S.E.2d 528, 529 (1986))); *Singleton v. Sherer*, 377 S.C. 185, 207, 659 S.E.2d 196, 208 (Ct. App. 2008) ("The doctrine is predicated on the factual situation of a defendant's acts alone creating the danger and causing the accident, with the plaintiff's act being that of voluntarily exposing

himself to such an obvious danger with appreciation thereof which resulted in the injury." (quoting *Davenport*, 333 S.C. at 79, 508 S.E.2d at 569)).

3. As to whether West/Hobby established a taking occurred: *Carolina Chloride, Inc. v. S.C. Dep't of Transp.*, 391 S.C. 429, 435, 706 S.E.2d 501, 504 (2011) ("The elements of an action for an inverse condemnation are: (1) affirmative conduct of a government entity; (2) the conduct effects a taking; and (3) the taking is for a public use." (citing *Byrd v. City of Hartsville*, 365 S.C. 650, 657, 620 S.E.2d 76, 79 (2005))); *WRB Ltd. P'ship v. Cty. of Lexington*, 369 S.C. 30, 32, 630 S.E.2d 479, 481 (2006) ("Whether the plaintiff has established a claim for inverse condemnation is a matter for the court to determine." (citing *Cobb v. S.C. Dep't of Transp.*, 365 S.C. 360, 365, 618 S.E.2d 299, 301 (2005))); *id.* ("To prevail in such an action, a plaintiff must prove 'an affirmative, aggressive, and positive act' by the government entity that caused the alleged damage to the plaintiff's property." (quoting *Berry's On Main, Inc. v. City of Columbia*, 277 S.C. 14, 15, 281 S.E.2d 796, 797 (1981); *Kline v. City of Columbia*, 249 S.C. 532, 536, 155 S.E.2d 597, 599 (1967))); *Kline*, 249 S.C. at 536, 155 S.E.2d at 599 ("No logical reason is suggested why the invasion of one's property with a highly inflammable substance, such as gas, should be considered any less a taking of property than an invasion by water."); *WRB Ltd. P'ship*, 369 S.C. at 33, 630 S.E.2d at 481 (holding the capping of a landfill was an "affirmative, aggressive, positive act").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**